# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Tracey Mercado, | ) |
|     Plaintiff, | ) Case No. 18 CV 2068 |
| | ) |
| | ) Judge Joan B. Gottschall |
| v. | ) |
| | ) |
| Verde Energy USA, Inc., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tracey Mercado ("Mercado"), on behalf of a class, has filed a three-count complaint against Verde Energy USA, Inc. ("Verde"), alleging that Verde has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1 *et seq.*, has breached its contract with the class, and, alternatively to the breach of contract claim, is guilty of unjust enrichment in its dealing with the class. Specifically, plaintiff claims that Verde has taken advantage of the deregulation of the Illinois energy market by convincing consumers to switch from their prior energy company to Verde by offering a teaser rate that is lower than local utilities' rates for electricity but then, when the teaser rate expires after a few months, switching consumers to a variable rate which the parties' contract indicates must be based on "market conditions" but in fact is not. In short, as plaintiff alleges, "Defendant's variable rates are substantially higher than those otherwise available in the energy market[] and are not reflective of the market conditions on which Defendant purports to base its variable rates." Compl. ¶ 3, ECF No. 1. "Instead, and contrary to reasonable consumer expectations, Verde used its variable rates as a pure profit center, increasing the rates charged to Plaintiff and Class Members when

1

wholesale prices rose, but staying at a level significantly higher than the wholesale market rates when the wholesale prices fell." Compl. ¶ 37.

Verde has moved to dismiss, arguing first, that plaintiff's ICFA claim is legally insufficient in that the Terms of Service, the written document on which Mercado relies, directly contradicts her assertion that Verde omitted material facts or misrepresented the rates that she would be charged; and second, that the ICFA claim is not pleaded with adequate specificity to satisfy Federal Rule of Civil Procedure 9(b). Verde further argues that plaintiff's complaint does not contain "any facts alleging that Verde Energy breached any of its actual obligations under the Terms of Service." Mem Supp. Mot. to Dismiss 12, ECF No. 15. And finally, Verde argues that Mercado fails to state a claim for unjust enrichment in that Mercado has failed to plead allegations supporting deception, a requirement for a claim of unjust enrichment. Further, Verde argues, if plaintiff's ICFA claim fails, her unjust enrichment claim must fail because it is not a separate cause of action under Illinois law. Verde also moves to strike a number of paragraphs of the complaint on the grounds that they are irrelevant and immaterial, and also requests a more definite statement if the complaint is not dismissed in its entirety. The court addresses these contentions in turn.

In ruling on a Rule 12(b)(6) motion, the court construes all well-pleaded allegations in the light most favorable to plaintiff. *See, e.g., Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). The factual allegations must be sufficient to raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## **Breach of Contract Claim (Count II)**

Defendant first attacks plaintiff's breach of contract claim. Defendant states that the contract, the "Terms and Conditions of Service," promised plaintiff a fixed price for electricity supply for four months and thereafter, "a 100% renewable variable generation rate that may change monthly with market conditions." Terms and Conditions of Service ¶ 1, ECF No. 4. Defendant argues that plaintiff objects to the variable rate she was charged because it was not tied to the wholesale market rate, did not track the weighted LMP and other PJM charges and charged plaintiff more than prices allegedly available from competitors. The court agrees with defendant that the Terms and Conditions of Service promised none of these things. It did, however, promise that the variable rate, if it changed, would change based on market conditions. Despite the parties' war of words over this claim, it is this promise on which any breach of contract claim must be based.

In her brief in opposition to the motion to dismiss, plaintiff makes plain that she claims the defendant breached their agreement "by charging her monthly rates that were *not* based on market conditions. . . ." Mem. Opp. 9, ECF No. 21. Granted, plaintiff goes on "[t]o further substantiate these allegations" with arguments that defendant's rates "bore little or no relation to the wholesale cost of electricity," as well as deviating significantly from the local utility. *Id.* at 9. But for purposes of a motion to dismiss, the court ignores this so-called substantiation because "a plaintiff may not amend his complaint in his response brief." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (citing *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007)). The court has no idea what Verde, the drafter of the Terms and Conditions of Service, meant by "market conditions." Mem.

Opp. 9. Nevertheless, Verde's promise is clear. It is that the variable rate would change based on market conditions. If there is a breach, the breach must be of this promise.[1]

While the court recognizes that the parties have cited many cases supporting their respective positions, most (perhaps all) of the cases cited involve different contract terms and some arise in the context of summary judgment motions, where the standards are very different. The court finds most persuasive the approach taken by the court in *Mirkin v. Viridian Energy Inc.,* 2016 WL 3661106 (D. Conn. July 5, 2016). There, the language of the contract was different from that here, promising rates based on "wholesale market conditions." *Id.* at *3. The court ruled that the contract claim could go forward to allow plaintiff to attempt to show that Viridian's rates were not "based on wholesale market conditions." *Id*. The court stated, "It seems clear to me that where one party to a contract has acted intentionally to exercise its discretion beyond the limits established by the contract and in a manner that will frustrate the expectations of the other party to that contract, a breach of contract has occurred." *Id.; see also Yang Chen v. Hiko Energy, LLC*, 2014 WL 7389011 (S.D N.Y. Dec. 29, 2014).

At the motion to dismiss stage, the court has no idea what Verde meant by "market conditions" (presumably not or not only the details plaintiff calls "substantiation"), but it presumably meant something and finding out what that was is one of the purposes for which discovery in this case can be utilized. The court leaves to another day the issues of whether, possibly, this language was ambiguous or that it perhaps meant nothing. [2] This court sees no

---

[1] Verde makes the argument that "Mercado does not plead with specificity what those permissible 'market conditions' allegedly include or exclude for purposes of her Complaint." Mem. Supp. Mot. to Dismiss 4. This argument strikes the court as odd, to say the least. Plaintiff has listed many factors she argues comprised "market conditions" and Verde has disputed the importance of all of them. Surely if "market conditions" has any meaning at all, Verde, as the drafter of the Terms and Conditions of Service, should know what it means.

[2] Verde, in a statement the court finds difficult to understand, states, "Mercado's allegation that Verde Energy's alleged exercise of its pricing discretion is contradicted by the contract language permitting Verde Energy to charge a 'variable generation rate' that 'may change with market conditions.'" Mem. Supp. Mot. to Dismiss 10. Whatever

reason to make this matter more complicated than to focus on Verde's written promise and see if plaintiff can or cannot prove that it was breached.

Stripped down to the promise clearly set forth in the Terms and Conditions of Service, plaintiff has adequately alleged a contractual promise and a breach. The motion to dismiss the breach of contract claim is therefore denied.

### **ICFA Claim (Count I)**

In order to prove a violation of the ICFA, plaintiff must prove (1) a deceptive act or practice; (2) that the deception occurred in the course of conduct involving trade or business; (3) defendant intended that plaintiff rely on the deception; and (4) that the deception caused the plaintiff actual damages. *Terrazzino v. Wal-Mart Stores, Inc.,* 335 F. Supp. 3d 1074, 1082 (N.D. Ill. 2018). A statement is deceptive under the statute if it creates a likelihood of deception or has the capacity to deceive. *Bober v. Glaxo Wellcome PLC,* 246 F.3d 934, 938 (7th Cir. 2001).

When an ICFA claim sounds in fraud, plaintiff must satisfy Rule 9(b)'s heightened pleading standard. *Id.* Verde argues that plaintiff's ICFA claim fails to plead with the specificity required by Rule 9(b). Plaintiff does not deny that Rule 9(b) applies but states that if the court believes any claim is insufficiently particularized, she should be given leave to replead. Mem. Opp. 4, n.4. She points out, correctly, that Rule 9(b)'s requirements are less stringent when the details of the fraud are within the defendant's exclusive knowledge. *Jepson, Inc. v. Makita Corp.,* 34 F.3d 1321, 1328 (7th Cir. 1994). Plaintiff fails to tell the court, however, what if any relevant facts are within the defendant's exclusive knowledge. To the extent plaintiff knows the particulars of the fraud alleged, she is required to plead them. *See Webb v. Frawley,* 906 F.3d 569, 581-84 (7th Cir. 2018); *Jazbec v. Hirsch,* 2009 WL 3366970, at *4 (N.D. Ill. Oct. 14, 2009).

---

the statement means, it seems to suggest that Verde had "pricing discretion." *Id.* Many contracts in similar cases explicitly reserve pricing discretion to the energy supplier. Verde's Terms and Conditions of Service sheet does not.

5

While it is axiomatic that Rule 9(b) requires a plaintiff to describe the who, what, when, where, and how of the fraud, *see, e.g., AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir. 2011), Rule 9(b) also requires the plaintiff to provide a general outline of the fraud scheme, sufficient to notify the defendant of its alleged role. *In re Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.,* 155 F. Supp. 3d 772, 812 (N.D. Ill. 2016). This is where plaintiff primarily falters because except for the contractual promise allegations set forth in Count II, the court and the defendant are left to guess whether this is or is not the entirety of the fraud she alleges. Verde, not surprisingly, focuses on the many alleged statements and misstatements scattered throughout the complaint's 67 background paragraphs but which, of any of these, is the basis for plaintiff's ICFA claim is unclear. Plaintiff, in her response brief, argues precisely what Verde anticipated. Rather than limiting her argument to what is explicitly set forth in Count I, she relies on the statements in the background section of her complaint that she was deceived into switching energy providers based on Verde's bait and switch techniques and entered into the contract with Verde because of a belief that her electricity prices would be "competitive and market-based." Mem. Opp. 5. Thus, it appears that plaintiff must be relying on oral statements outside the Terms and Conditions of Service because the Terms and Conditions of Service limit Verde's promise to rates that are "market based."[3] It is impossible for the court to determine if plaintiff has satisfied Rule 9(b)'s particularity requirement without

---

[3] Illinois law is clear that "[a] breach of a contractual promise, without more, is not actionable under the Consumer Fraud Act." *Block v. Lifeway Foods, Inc.*, 2017 WL 3895565, at *4 (N.D. Ill. Sept. 6, 2017) (quoting *Burress-Taylor v. Am. Sec. Ins. Co.,* 980 N.E.2d 679, 688 (2012)). A plaintiff must allege more than that a defendant promised to do something and then failed to do it. *Id.* However, a promise to perform future conduct can give rise to a claim of fraud if the false promise of future conduct is alleged to be the scheme employed to accomplish the fraud. *Id.* (citing *Unicus Performance Training, LLC v. Johnson,* 2011 Ill. App. (1st) 110204 ¶ 24). *Unicus,* however, provides little guidance as to how the exception does not swallow the entire rule.

knowing what plaintiff claims is the actionable fraud. Even more important, it is impossible for anyone to tell if plaintiff has adequately stated a cause of action if one must guess at what fraud plaintiff is trying to allege. The plaintiff needs to make clear to the court (and of course to the defendant) what conduct of the defendant she argues constitutes a violation of the ICFA. Needless to say, if she is relying on oral statements when she subsequently signed a contract with an integration clause, a whole new set of legal issues will emerge.

Not knowing what alleged fraud is at issue, it is difficult to get to the issue of whether it is pleaded with particularity, let alone the issue of whether, if it is not pleaded with particularity, its failure should be excused because the relevant information is all in the defendant's hands. Moreover, not knowing what fraud plaintiff is trying to allege, it is impossible to figure out whether she has adequately alleged it. It is unfair to the defendant, and to the court, to leave the court and the defendant to guess at what plaintiff is trying to allege, and the court will not permit such ambiguity.[4] Count I is dismissed with leave to replead on or before March 28, 2019.

## Count III: Unjust Enrichment

Under Illinois law, claims for breach of contract and unjust enrichment are mutually exclusive, since unjust enrichment is based on an implied, not an express, contract. *Blanchard & Assocs. v. Lupin Pharms., Inc.,* 900 F.3d 917, 921 (7th Cir. 2018). However, the inconsistency does not matter at the pleading stage since a plaintiff may plead, as plaintiff here has done, both claims in the alternative. *Id.* The court recognizes the implausibility of permitting plaintiff's

---

[4] In a footnote, plaintiff suggests that perhaps she is alleging only that Verde's conduct was unfair, not fraudulent, and that Rule 9(b) therefore does not apply. Some cases dealing with similar contracts have found that because consumers like plaintiff had the option of cancelling their energy contract at any time, they had an option sufficient to make the unfairness prong of the ICFA inapplicable. *See, e.g., Richards v. Direct Energy Servs., LLC,* 915 F.3d 88, 102-03 (2d Cir. 2019); 2019 WL 418014, **10 ("offering a teaser rate is not against public policy, unethical, or substantially injurious on its own, especially when, as here, consumers can cancel the contract whenever they like without paying any fee"); *Sevugan v. Direct Energy Servs., LLC,* 2018 WL 2267806, at *7 (N.D. Ill. May 17, 2018). Given the guessing game plaintiff's ambiguous fraud pleading has created, it is impossible to tell if this is or is not an issue in this case.

unjust enrichment claim to go forward when it appears that both sides acknowledge that they had a written contract; nevertheless, because plaintiff has explicitly pleaded her unjust enrichment claim in the alternative, the court will not dismiss it at this early stage of the proceedings.

Verde, however, moves to dismiss plaintiff's unjust enrichment claim not on the grounds that the parties had a written contract but for the reason that she has inadequately alleged deception. Granted, there are many cases supporting defendant's argument that a claim of unjust enrichment requires a plaintiff to allege deception. *See, e.g. Bober,* 246 F.3d at 943. But the many cases allowing breach of contract and unjust enrichment to be pleaded as alternatives to one another are not among those cases. The explanation, as far as the court can tell, lies in the fact that unjust enrichment takes many forms, some quasi-contractual and some as a remedy for fraudulent contract. As the Illinois Supreme Court has pointed out, "The doctrine of unjust enrichment underlies a number of legal and equitable actions and remedies, including the equitable remedy of constructive trust and the legal actions of *assumpsit* and restitution or quasi-contract." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160, 545 N.E.2d 672, 678 (1989) (emphasis in original) (citing secondary sources). The parties have not really engaged on this point, and the court has done its best without much adversary help.

In this case, plaintiff's complaint makes clear that she is alleging unjust enrichment as an alternative to her breach of contract claim. The unjust enrichment claim in *Bober* was set forth as a remedy for a fraud claim, not as an alternative to a breach of contract claim. As far as this court can tell, the unjust enrichment claim in that case and the unjust enrichment claim in this case are unrelated species, and unless and until the defendant can point to some case where unjust enrichment is pleaded merely as an alternative to a breach of contract claim that requires pleading and proof of deception, the motion to dismiss the unjust enrichment claim will be

8

denied. If the court's analysis of this problem is incorrect, the parties are free to move for reconsideration.

## Motion to Strike Inadequate and Impertinent Allegations and Motion for a More Definite Statement

Motions to strike "irrelevant and immaterial" matter, such as the instant motion, are generally disfavored as they waste time for no good reason. *See, e.g., Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 999 (N.D. Ill. 2018). Complaints can be cleaned up later in the case, when the relevance contours of the action are clearer and before any prejudice accrues from the challenged allegations. Nevertheless, plaintiff's complaint contains allegations about actions by unrelated parties (such as Enron) and by regulatory authorities in other states which will waste time in another way, as defendant tries to answer allegations having nothing to do with its conduct. Plaintiff's brief and superficial argument, that such statements are "contextual," hardly convinces the court that Verde should be forced to try to answer such seemingly far-flung accusations. Even if these matters turn out to be pertinent, they can be dealt with as matters of proof, not matters of pleading. Accordingly, the court grants Verde's motion to strike the following paragraphs: ¶¶ 20-23 and ¶¶ 26-28. Verde's motion to strike ¶ 24, which deals with Illinois and Verde's conduct, is denied. Paragraph 20, which deals with Enron and statements by Jeffrey Skilling, is stricken. Although Verde has not requested the striking of ¶ 20, it has complained about its Enron allegations. Paragraph 20, as far as this court can tell, has little or nothing to do with the allegations against Verde and is extremely prejudicial. For this reason, it will be stricken.

The court finds no reason for a more definite statement other than what is addressed in this order relating to the ICFA claim. Verde can easily get the other information it seeks during discovery.

## **Conclusion**

The motion to dismiss plaintiff's breach of contract claim, ECF No. 14, is denied. The motion to dismiss her Illinois Consumer Fraud Act claim is granted, but plaintiff is given leave to replead, not only to identify, to the extent she can, the who, what, where, when and how of the alleged fraud but even more important, to identify with reasonable clarity the nature of the fraud scheme she alleges. Defendant's motion to dismiss the unjust enrichment claim is denied. The motion to strike is granted in part and denied in part. The motion for a more definite statement is denied, beyond what is set forth in this order. If plaintiff wishes to amend, she must do so on or before March 28, 2019.

Date: February 28, 2019                ENTERED:

                                                           /s/
                                        Joan B. Gottschall
                                        United States District Judge