**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRACEY MERCADO, MELISSA DAVIS, RAY MARSHALL, JERMINA LAQUA, MICHAEL ABBATE, TOM RILEY, and SCOTT PANZER, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>VERDE ENERGY USA, INC., VERDE ENERGY, USA OHIO, LLC, VERDE ENERGY, USA MASSACHUSETTS, LLC, and VERDE ENERGY, USA NEW YORK, LLC,<br><br>          Defendants. | Civil Action No. 18-cv-2068<br><br>Judge Joan B. Gottschall |

**DECLARATION OF JONATHAN SHUB IN SUPPORT OF PLAINTIFFS' UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Jonathan Shub, declare as follows:

1.　　I am a Partner in the law firm Shub Law Firm LLC ("Shub Law"), and one of the counsel for the Plaintiffs in this Litigation. I am admitted to this Court's general bar and am a member in good standing of the bars of the States of New York, New Jersey, California, and the Commonwealth of Pennsylvania, and the bar of the District of Columbia. I respectfully submit this declaration in support of the Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement ("Motion"), in order to detail for the Court: the depth of experience, skill, and resources that Shub Law has brought and will continue to bring to bear on behalf of the putative class in this action; the discovery, mediation, and other work completed by all counsel in this case that enabled the parties to reach the proposed settlement agreement attached to my declaration as Exhibit 1 ("Settlement Agreement"); and to authenticate documents relevant to the Motion. Except as

otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so. As discussed further below, I believe the proposed settlement is fair, reasonable and adequate, provides substantial benefits for the members of the proposed settlement class, and merits this Court's preliminary approval.

2.      I graduated from Widener University School of Law, *cum laude,* in 1988. I launched my career in the Washington office of Fried, Frank, Harris, Shriver & Jacobson, where I worked on complex commercial matters including corporate investigations and securities litigation. I then moved into a practice of consumer protection and advocacy. Before founding Shub Law Firm LLC in 2020 (where I head the firm's class action and commercial litigation practice groups), I was a shareholder of Kohn, Swift & Graf, P.C. ("KSG"), a Philadelphia-based national law firm. KSG's practice focuses on complex and class action litigation involving antitrust, consumer, employment, financial, securities, human rights and environmental matters, and the managing partner of the Philadelphia office of Seeger Weiss LLP. As set forth below, I have extensive experience litigating class actions and in particular against de-regulated energy companies such as Verde.

**Experience and Qualifications**

3.      Founded last year, Shub Law is a New Jersey based law firm specializing in complex class action litigation. Shub Law has more than sufficient resources to represent the class. Its attorneys, including my colleague, Mr. Kevin Laukaitis, who assisted me in this litigation, are highly qualified and has extensive experience in complex civil litigation and consumer class actions. We are at the forefront of class action litigation concerning claims that alternative energy suppliers misrepresented the basis of their variable rates. We understand the duties imposed upon class counsel in consumer class actions, having been appointed class counsel numerous times, and

have proven adept at all phases of litigation, from discovery and motion practice to trial and appeal or settlement.

4.     During the time I was a shareholder at Kohn, Swift, I was involved in the prosecution of this action from its inception through settlement. Shub Law serves as class counsel and in leadership positions in a wide range of consumer protection class actions. A true and correct copy of my firm's *curriculum vitae* is attached hereto as Exhibit 2, demonstrating that Shub Law is well qualified to serve as Class Counsel in this action.

5.     Specifically, over the course of my 30-year career, I have managed more than 100 class actions, over a diverse range of subject matters, including representing classes of individuals and businesses in a vast array of matters involving unlawful conduct. I have gained notable attention in the area of defective consumer electronics and computer hardware as a result of many leadership positions in federal and state cases against companies such as Hewlett-Packard, Maytag, IBM and Palm. I also have vast experience in mass tort class actions such as Vioxx, light tobacco litigation, and in consumer class actions such as energy deregulation. Over the years, I have served as class counsel in dozens of class actions around the United States, generating hundreds of millions of dollars in recoveries to class members.

6.     I have been involved in numerous complex consumer class actions over the past two decades, including being named co-lead counsel in *In re AZEK Building Products, Inc., Marketing and Sales Practices Litig.,* MDL No. 2506 (D.N.J.); *In re Windsor Wood Clad Window Products Liability Litig.*, MDL 2688 (E.D. Wis.); and *In Re: Pella Corporation Architect and Designer Series Windows Marketing, Sales Practices and Products Liability Litig.*, 2:14-mn-00001-DCN and MDL No. 2514 (D.S.C.).

7.      Furthermore, I have been appointed Lead Class Counsel and/or Class Counsel in numerous lawsuits against de-regulated energy companies involving similar allegations as the ones in this case. I have litigated and negotiated class action settlements in the following cases: *Sobiech v. U.S. Gas & Electric, Inc.*, Case No. 2:14-cv-04464 (E.D. Pa.); *Amy Silvis v. Ambit Northeast LLC*, Case No. 2:14-cv-05005-ER (E.D. Pa.); *Basile v. Stream Energy Pennsylvania, LLC, et al.,* Case No. 1:15-cv-01518-YK (M.D. Pa.); *Lori Sanborn, et al. v. Viridian Energy Inc., et al.,* Case No. 3:14-cv-01731-SRU (D. Conn.); *Hamlen v. Gateway Energy Services Corporation*, Case No. 7:16-cv-03526-VB-JCM (S.D.N.Y.); *Austin v. Kiwi Energy Services LLC*, Index No. 515350/2017 (NY Sup. Ct. Kings Cnty.); *Bell, et al. v. Gateway Energy Services Corporation*, Index No. 031168/2018 (NY Sup. Ct. Rockland Cnty.) (awaiting final approval).

8.      I also served as Co-Lead Trial Counsel in 2020 representing 68,000 individuals whose statutory rights were violated by the public dissemination of their criminal record history information. I was part of the litigation team that prevailed in a jury trial and achieved an unprecedented settlement for Pennsylvania inmates who were booked or otherwise detained at the Bucks County Correctional Facility (BCCF) between 1938 and June 18, 2013. The case, *Taha v. Bucks County*, No. 12-cv-6867 (E.D. Pa.), is believed to be the first class action case in the United States to proceed to trial on the impact of digital criminal stigma and a government's statutory obligation to protect its citizenry against such stigma.

9.      I have been recognized as one of the nation's leading consumer rights lawyers and I have served in leadership roles in numerous federal and state class action cases over the past three decades.  I have extensive experience representing classes against well-known businesses of all types of consumer products ranging from automobiles to air conditioning systems.

**My Firm's Devotion of Resources in this Litigation**

10.     Shub Law has devoted, and will continue to devote, its time and resources to prosecute the class action claims in this matter on a contingent-fee basis. As a regular practice, my firm tracks time and expenses contemporaneously.

11.     Indeed, Class Counsel have already devoted significant time and resources to these matters, including motions to dismiss in five different federal district courts, document review, retaining experts, and engaging in other significant efforts on many other issues.   It is inconceivable than an individual, reasonable consumer pursuing a consumer case could or would invest the same resources.

**Work Done in This Case on Behalf of the Class**

12.     My firm, working in concert with the other counsel, has vigorously litigated this matter on behalf of the proposed settlement class from its inception. The work that we have done to benefit the proposed settlement class to date supports our application to be appointed Class Counsel to represent the proposed settlement class once it is certified.

14.     This Settlement comes after several years of spirited litigation in various federal courts across the United States.  That litigation saw extensive motion practice and entailed fulsome discovery.   Over the course of the litigation, the Parties exchanged discovery, retained and consulted with experts, and further exchanged extensive data and information related to the Settlement Class and damages during arm's-length settlement negotiations.  Class Counsel have a clear view of the strengths and weaknesses of the Settlement Class's claims and damages approaches.  Sufficient discovery has been conducted here.  As a result, the Settling Parties are sufficiently well informed as to the factual and legal issues relevant to these Actions.

13.     Parallel to the hard-fought litigation track, the Settling Parties actively engaged in many rounds of negotiations.  The Settling Parties negotiated arduously and engaged in arm's-length settlement negotiations. The Settlement was reached only after extensive mediation efforts. Two full-day mediation sessions were held with Mr. Max in the Fall of 2020, followed by arm's-length settlement negotiations, and numerous calls between Mr. Max and the parties.

14.     Class Counsel did substantial work identifying and investigating potential claims and properly supporting the allegations in the Complaints.  As part of their investigation and work, Class Counsel retained and consulted with experts, and carefully reviewed public materials along with all documents and information produced by Verde.

**Settlement Negotiations**

15.     The Settlement will resolve Plaintiffs' and Settlement Class Members' claims against Verde that are pending in this Court and in federal courts in Ohio, New York, New Jersey, Massachusetts, and Pennsylvania.  By consolidating the five cases in this Court, the parties have chosen the most expeditious path of resolution instead of piecemeal settlements in the other district courts.

16.      The proposed multi-state Settlement is a favorable resolution for the Settlement The proposed Settlement Agreement resulted from arm's-length, good faith negotiations between and among experienced counsel under the auspices of a respected and experienced Court-ordered mediator, Mr. Rodney A. Max of Upchurch Watson White & Max.  It provides a fair, reasonable, and adequate resolution of this litigation, which will substantially reduce costs and the expenditure of resources, eliminate the risk of uncertain litigation outcomes, and prevent further delay in remedying the harms suffered by Settlement Class Members.

19.     The negotiations involved submissions of proposals and counter-proposals, and the evaluation of ample evidence and competing factual and legal arguments.  The Parties worked long and hard to resolve this matter.  The result—the creation of a $7,000,000.00 non-reversionary Settlement Fund—speaks for itself.  It is Class Counsel's reasoned opinion that, given the alternative of long and complex litigation, and the risks involved in such litigation, including a class certification battle, trial on the merits, and appeals, the availability of robust relief under the Settlement weighs heavily in favor of preliminary approval.

20.     The $7,000,000 Settlement Fund will be used to compensate Class Members, pay notice and administration costs, and compensate Class Counsel and approve Class Representative Incentive Awards should the Court award them at the final approval hearing.

21.     Class members who submit valid claims will receive a proportionate share based on their consumption of energy while a Verde customer. Should the aggregate share exceed monies, each Class member will receive a pro rata distribution.

**Exhibits Attached to the Motion for Preliminary Approval**

22.     The following Exhibits are attached to this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement:[1]

a.      **Exhibit 1** is a true and correct copy of the Settlement Agreement executed by the parties on June 18, 2021.

b.      **Exhibit A** is the parties' proposed Claim Form that will be posted on the Settlement Website.

---

[1] Capitalized terms have the meaning given to them in the Settlement Agreement attached hereto as Exhibit 1.

      c.      **Exhibit B** is the parties' proposed Short Form Notice (in the form of a Postcard Notice and an Email Notice) that the Settlement Administrator will send to all Class Members for whom contact information can be reasonably acquired.

      d.      **Exhibit C** is the proposed Long Form Notice.

      e.      **Exhibit D** is the parties' proposed order granting preliminary approval to the Settlement.

      f.      **Exhibit 2** is a true and correct copy of the firm resume of Shub Law Firm LLC.

      g.      **Exhibit 3** is a true and correct copy of the firm resume of Milberg Coleman Bryson Phillips & Grossman, PLLC.

      h.      **Exhibit 4** is a true and correct copy of the firm resume of Wexler Wallace LLP.

      i.      **Exhibit 5** is a true and correct copy of the firm resume of Goldenberg Schneider, LPA.

      j.      **Exhibit 6** is a true and correct copy of the firm resume of Block & Leviton LLP.

      k.      **Exhibit 7** is a true and correct copy of the firm resume of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP.

      l.      **Exhibit 8** is a true and correct copy of the firm resume of Brown, LLC.

      m.      **Exhibit 9** is a true and correct copy of the firm resume of Kohn, Swift & Graf, P.C.

      n.      **Exhibit 10** is a true and correct copy of the Declaration of Cameron R. Azari, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of June 2021, at Haddonfield, New Jersey.

*/s/ Jonathan Shub*
Jonathan Shub