# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRACEY MERCADO, MELISSA DAVIS, RAY MARSHALL, JERMINA LAQUA, MICHAEL ABBATE, TOM RILEY, and SCOTT PANZER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>VERDE ENERGY USA, INC., VERDE ENERGY, USA OHIO, LLC, VERDE ENERGY, USA MASSACHUSETTS, LLC, and VERDE ENERGY, USA NEW YORK, LLC,<br><br>        Defendants. | 1:18−cv−02068<br><br>This filing applies to: All Class Cases<br><br>Honorable Joan B. Gottschall |

## CLASS ACTION SETTLEMENT AGREEMENT

Plaintiffs Tracey Mercado, Melissa Davis, Ray Marshall, Jermina LaQua, Michael Abbate, Tom Riley, and Scott Panzer acting individually and on behalf of the Settlement Class as defined herein ("Plaintiffs"), and Defendants Verde Energy USA, Inc., Verde Energy USA Ohio, LLC, Verde Energy USA Massachusetts, LLC, and Verde Energy USA New York, LLC (the "Verde Defendants" or "Verde") enter into this Settlement Agreement ("Agreement") as of June 18, 2021. Plaintiffs and the Verde Defendants are collectively referred to herein as the "Parties" and each, individually, as a "Party." Capitalized terms used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement. Subject to the Court's approval, the Parties hereby stipulate and agree that, in consideration for the promises and covenants set forth in the Settlement and upon the entry by the Court of a Final Approval Order and the occurrence of the Effective Date, the Action (as defined in Section 1.1 of this Agreement)

shall be settled and compromised upon the terms and conditions contained herein.

## I.    **RECITALS**

**1.1    The *Mercado* Action.**  Plaintiff Tracey Mercado filed a class action complaint against Defendant Verde Energy USA, Inc. on March 21, 2018, styled as *Mercado v. Verde Energy USA, Inc.,* Dkt. No. 1:18-cv-02068 (the "*Mercado* Action") in the United States District Court for the Northern District of Illinois.  On February 28, 2019, the Court issued an Opinion granting Defendant's Motion to Dismiss with respect to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") claim (Count I) and denying Defendant's Motion to Dismiss with respect to the Breach of Contract claim (Count II) and the Unjust Enrichment claim (Count III). Defendant's Motion to Strike was granted in part and denied in part.  Plaintiff was granted leave to amend.  Plaintiff filed a First Amended Complaint based on the ICFA (Count I), Breach of Contract (Count II), and Unjust Enrichment (Count III).  Defendant filed a Motion to Dismiss Count I of Plaintiff's First Amended Complaint, which the Parties fully briefed.  On January 29, 2020, the Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint.  Shortly thereafter, the Parties filed a Joint Stipulation voluntarily dismissing with prejudice the ICFA Claim (Count I) pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  Defendant filed a Motion for Judgment on the Pleadings, which the Parties fully briefed.  To date, the Court has not issued a ruling on the Motion for Judgment on the Pleadings because the case is stayed pending settlement.  Plaintiffs filed a Consolidated Second Amended Class Action Complaint on June 16, 2021 (ECF No. 109), which consolidates the pending actions described in this Section into a single action in this Court for purposes of settlement (the "Action").  The Consolidated Second Amended Complaint is the operative

complaint for the Settlement. Defendants consented to the Consolidated Second Amended Complaint for settlement purpose only, without prejudice to Defendants' rights.

1.2    **The *Marshall* Action**.  Plaintiff Ray Marshall filed a class action complaint against Defendant Verde Energy USA, Inc. on January 31, 2018, styled as *Marshall v. Verde Energy USA, Inc.,* Dkt. No. 2:18-cv-01344-JMV-JBC (the "*Marshall* Action"), in the United States District Court for the District of New Jersey.  On December 19, 2019, the Court issued an Opinion granting Defendant's Motion to Dismiss the First Amended Complaint with respect to Plaintiff's New Jersey Consumer Fraud Act ("CFA") claim (Count I), Breach of Contract claim (Count II), Implied Covenant of Good Faith and Fair Dealing claim (Count III), and New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA") claim (Count IV).  The dismissal was without prejudice, and Plaintiff was granted leave to file a Second Amended Complaint. Defendant's Motion to Strike was denied as moot. Plaintiff filed his Second Amended Complaint based on the Electric Discount and Energy Competition Act, N.J. Stat. Ann. § 48:3-49, et. seq. (Counts I and II), the CFA (Count III), Breach of Contract (Count IV), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count V), and the TCCWNA (Count VI). Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint, which the Parties fully briefed.  On October 5, 2020, the Court issued an Opinion denying Defendant's Motion to Dismiss as to Count III (CFA Claim), Count V (Breach of Implied Covenant of Good Faith and Fair Dealing Claim), and Count VI (TCCWNA Claim) and granting Defendant's Motion to Dismiss with respect to Plaintiff's claims asserted in Counts I, II, and IV.

1.3    **The *Davis* Action**.  Plaintiff Melissa Davis filed a class action complaint against Defendant Verde Energy USA, Inc. on April 17, 2019, styled as *Davis v. Verde Energy USA, Inc.*, Dkt. No. 1:19-cv-10741-MLW (the "Davis Action"), with allegations substantially

similar to the *Marshall* and *Mercado* Actions, in the United States District Court for the District of Massachusetts. Defendant filed a Motion to Dismiss Plaintiff's class action complaint on June 24, 2019. In response to Defendant's Motion to Dismiss, Plaintiff filed an amended complaint to add a claim under the Massachusetts Consumer Protection Act, Chapter 93A ("Chapter 93A"), on July 15, 2019. Defendant filed a Motion to Dismiss Plaintiff's first amended complaint on July 29, 2019. Plaintiff filed a response to Verde's second Motion to Dismiss on August 26, 2019. On March 18, 2020, the Court held a telephonic hearing on Defendant's Motion to Dismiss Plaintiff's first amended complaint. In an oral ruling, Judge Wolf denied Defendant's Motion to Dismiss and ordered Plaintiff to file a second amended complaint solely to add a second Defendant entity name, Verde Energy USA Massachusetts, LLC as a party. Plaintiff filed a second amended complaint on April 1, 2020, and Defendants filed their answer and affirmative defenses to Plaintiff's second amended complaint on April 22, 2020. On June 22, 2020, pursuant to the Court's May 8, 2020 Order, the Parties submitted a joint status report stating that they have conferred and agreed to proceed to mediation to attempt to resolve this action. The Parties jointly requested that the stay of this action be extended pending the completion of the mediation process.

      **1.4**    **The *LaQua* Action.** Plaintiff Jermina LaQua filed a class action complaint against Defendant Verde Energy USA New York, LLC on January 21, 2020, styled as *LaQua v. Verde Energy USA New York, LLC*, Dkt. No. 1:20-cv-00326 (the "*LaQua* Action"), with allegations substantially similar to the *Marshall*, *Mercado,* and *Davis* Actions, in the United States District Court for the Eastern District of New York. Defendant filed a Motion to Dismiss LaQua's claims for violation of N.Y. G.B.L. § 349 and N.Y. G.B.L. § 349-d, et seq. (Counts I-III), Breach of Contract (Count IV), Breach of the Implied Covenant of Good Faith and Fair Dealing

(Count V), and Unjust Enrichment (Count VI). This Motion was fully briefed by the Parties. On December 16, 2020, the Court denied Defendant's Motion to Dismiss without prejudice to Defendant's right to renew the Motion to Dismiss if the parties did not reach a settlement.

**1.5    The *Abbate* Action.**  Plaintiff Michael Abbate filed a class action complaint against Defendant Verde Energy USA Ohio, LLC on June 24, 2020, styled as *Abbate v. Verde Energy USA Ohio, LLC*, Dkt. No. 2:20-cv-03196 (the "*Abbate* Action"), with allegations substantially similar to the *Marshall*, *Mercado, Davis* and *LaQua* Actions, in the United States District Court for the Southern District of Ohio.  Defendant filed a Motion to Dismiss Abbate's claims for violation of the Ohio Consumer Sales Practices Act, R.C. 1345.02, et. seq. (Count I), Breach of Contract (Count II), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III), and Unjust Enrichment (Count IV).  This Motion was fully briefed by the Parties.  To date, the Court has not issued a ruling on this Motion because the case is stayed pending settlement.

**1.6    The *Panzer* Action.**  Plaintiff Scott Panzer filed a class action complaint against Verde Energy USA, Inc. and Oasis Power, LLC on August 8, 2019, styled as *Panzer v. Verde Energy USA, Inc., et. al.*, Dkt. No. 2:19-cv-03598-TJS (the "Panzer Action"), with allegations similar to the *Marshall*, *Mercado, Davis, LaQua,* and *Abbate* Actions, in the United States District Court for the Eastern District of Pennsylvania.  Defendants filed a Motion to Dismiss the case or, in the alternative, stay the case based on the arbitration clause in their customer agreement.  This Motion was briefed by the Parties.  On February 10, 2020, the Court issued an Opinion denying Defendants' Motion to Dismiss or Stay on the ground that the Court could not conclude that Plaintiff agreed to arbitrate his claims against the Defendants but allowing the parties to engage in limited discovery bearing on the issue of whether an agreement to arbitrate exists.  On June 19, 2020, after discovery ensued, Defendants filed a renewed Motion to Dismiss

and Motion to Compel Arbitration, which the Parties fully briefed. On December 17, 2020, the Court issued an Opinion and Order, denying Defendant's renewed Motion to Dismiss and Motion to Compel Arbitration and stating that a trial on the issue of whether Plaintiff received letters containing an agreement to arbitrate would be scheduled to be held in March 2021. The Court also issued a separate December 17, 2020 Order, directing the parties to file a memorandum of law addressing Plaintiff's adequacy as a class representative. To date, the Court has not issued a ruling on the issue of Plaintiff's adequacy as a class representative.

    **1.7**    Prior to preparing this Agreement, the Parties engaged in a comprehensive exchange of information regarding the facts underlying the claims and defenses in the Action. Informed by the exchange of information, Plaintiffs and the Verde Defendants decided to pursue settlement negotiations.

    **1.8**    The Parties engaged in arm's-length settlement negotiations, including a full-day, remote mediation on October 10, 2020, conducted by Rodney A. Max of Upchurch Watson White & Max. The Parties engaged in a subsequent full-day mediation before Mr. Max on December 12, 2020. At the mediations and in additional negotiations thereafter, the Parties reached an agreement in principle on the settlement of the claims in the Action. The Parties recognize and acknowledge the benefits of settling all of the claims asserted in the Action.

    **1.9**    After the Parties reached agreement on the benefits to the Settlement Class, the Parties negotiated and reached an agreement concerning the selection of a claims administrator, and the costs of notice and administration.

    **1.10**    Plaintiffs believe that the claims asserted in their cases have merit. However, Plaintiffs are mindful of the issues of proof under, and possible defenses to, the claims in the Action. Plaintiffs further recognize and acknowledge the expense and length of time it would take

to prosecute the Action against the Verde Defendants through trial, post-trial proceedings, and appeals. Counsel for Plaintiffs have taken into account the uncertain outcome and risks of the litigation, including the difficulties and delays inherent in such litigation and the likelihood of protracted appeals. Counsel for Plaintiffs have, therefore, determined that the Settlement set forth in this Agreement is fair, reasonable, and adequate, and that the Settlement confers substantial benefits upon, and is in the best interests of, the Plaintiffs and the Settlement Class (hereafter defined).

 **1.11** The Verde Defendants maintain that they have several meritorious defenses to the claims asserted in the Action. Nevertheless, Verde recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeals, and the disruption to its business operations arising out of class action litigation. Verde also recognizes the risk that a trial on class-wide claims might present. Accordingly, Verde is willing to enter into this Agreement to bring an end to these disputes.

## II. <u>DEFINITIONS</u>

 As used in this Agreement and the attached exhibits (which are an integral part of the Settlement and are incorporated in their entirety by reference), the following terms shall have the meanings set forth below, unless this Agreement specifically provides otherwise. Other capitalized terms in this Agreement but not defined in this section shall have the meanings ascribed to them elsewhere in this Agreement.

 **2.1** "Administration Expenses" means the taxes, reasonable fees and expenses incurred by the Settlement Administrator for all tasks the Settlement Administrator performs in furtherance of the notice and administration of the Settlement.

 **2.2** "Agreement" or "Settlement" means this Class Action Settlement Agreement,

including all terms, conditions, and exhibits, which contain the entire agreement between the Parties.

**2.3** "Attorneys' Fees and Costs" means all reasonable attorneys' fees and out-of-pocket litigation costs and expenses that may be awarded by the Court based on the Settlement described herein to compensate Class Counsel as determined by the Court, as described more particularly in Section VII of the Settlement.

**2.4** "Benefit" means the cash payment available to a member of the Settlement Class Member who files a timely and Valid Claim. The specific Benefit paid is subject to review, audit, and validation by the Settlement Administrator based upon the terms and conditions of this Agreement.

**2.5** "Claim" means a request for relief pursuant to the Settlement submitted by the Settlement Class Member on a Claim Form filed with the Settlement Administrator in accordance with the terms of the Settlement.

**2.6** "Claim Deadline" means the date by which a Claim Form must be postmarked and mailed to the Settlement Administrator or electronically submitted to be considered timely. The Claim Deadline will be at 11:59 p.m. Eastern Time on the last day of the Claim Period.

**2.7** "Claim Form" means the form attached hereto as **Exhibit A**, whether in electronic or "hard copy," that will be completed by the Settlement Class Member and timely and properly submitted to the Settlement Administrator in order to receive benefits under the Settlement.

**2.8** "Claim Period" means the period commencing upon mailing of the Class Notice (or such other time as the Court orders) and concluding one hundred eighty (180) days

after it commences. The end date of the Claim Period shall be set forth in the Class Notice.

      2.9    "Class Counsel" means Jonathan Shub and Kevin Laukaitis of Shub Law Firm LLC, Melissa K. Sims, Daniel K. Bryson, and Harper T. Segui of Milberg Coleman Bryson Phillips & Grossman, PLLC, Edward A. Wallace of Wexler Wallace LLP, Jeffrey S. Goldenberg of Goldenberg Schneider, LPA, Jason M. Leviton of Block & Leviton LLP, D. Greg Blankinship of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Jason T. Brown of Brown, LLC, and Aarthi Manohar of Kohn, Swift & Graf, P.C.

      2.10    "Class Member(s)" means all individual residential consumers who enrolled (either initially or though "rolling over" from a fixed rate plan) in a variable rate electricity plan provided by any of the Verde Defendants or were otherwise charged a variable rate for electricity by any of the Verde Defendants in connection with property located within Massachusetts from April 17, 2013 through October 31, 2015, within New York from January 21, 2014 through October 31, 2015, within Illinois from January 31, 2008 through October 31, 2015, within New Jersey from January 21, 2012 through October 31, 2015, within Ohio from June 24, 2012 through October 31, 2015, and within Pennsylvania from January 1, 2012 through October 31, 2015, plus those customers in Pennsylvania who became Verde Energy USA, Inc. variable rate electricity plan customers beginning in 2018 following a transfer of their customer relationships with Oasis Power, LLC excluding, in all instances, persons whose only contract with Verde contained a "Governing Law and Arbitration" clause. Also excluded from the class are: (a) the Verde Defendants; (b) the officers, directors, and employees of the Verde Defendants; (c) any entity in which the Verde Defendants have a controlling interest; (d) any affiliate or legal representative of the Verde Defendants; (e) the Judge to whom the Action is assigned, the Judge's staff and any member of their immediate family; and (f) any

heirs assigns and/or successors of any such persons or entities in their capacity as such.

**2.11** "Class Notice" means the notice of pendency and proposed settlement of class action that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval of Class Action Settlement. The Class Notice, which will be available to Settling Class Members on the website created and maintained by the Settlement Administrator, shall be in the forms of **Exhibit B** and **Exhibit C** to this Agreement. Within fourteen (14) days of the Court's entry of the Preliminary Approval Order, the Verde Defendants agree to provide the Settlement Administrator with the names, last known email addresses (if available), postal addresses, account numbers, and household usage amounts for electricity supply service while on a variable rate plan for all Settlement Class Members. Within forty-five (45) days of the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall disseminate Class Notice by first class mail, and where available, by email, in accordance with the Notice Plan set forth below.

**2.12** "Class Period" means: in connection with property located within Massachusetts from April 17, 2013 through the date of the Preliminary Approval Order; within New York from January 21, 2014 through the date of the Preliminary Approval Order; within Illinois from January 31, 2008 through the date of the Preliminary Approval Order; within New Jersey from January 21, 2012 through the date of the Preliminary Approval Order; within Ohio from June 24, 2012 through the date of the Preliminary Approval Order; and within Pennsylvania from January 1, 2012 through the date of the Preliminary Approval Order.

**2.13** "Class Representatives" mean Plaintiffs Tracey Mercado, Melissa Davis, Ray Marshall, Jermina LaQua, Michael Abbate, Tom Riley, and Scott Panzer.

2.14    "Court" means the United States District Court for the Northern District of Illinois.

2.15    "Defendants" or the "Verde Defendants" means Verde Energy USA, Inc., Verde Energy, USA Ohio, LLC, Verde Energy, USA Massachusetts, LLC, and Verde Energy, USA New York, LLC, including their officers, directors, owners, operators, parents, subsidiaries, employees, agents, representatives, lawyers, insurers, and/or affiliates.

2.16    "Effective Date" means ten (10) business days after the date of entry of the Court's Final Approval Order and the expiration of the time for filing a notice of appeal from the Final Approval Order, if no appeal is filed, or if an appeal is filed, the latest of: (a) the date of final affirmance of the Final Approval Order; (b) the expiration of the time to petition for writ of certiorari to review the Final Approval Order, if affirmed, and if certiorari is granted, the date of final affirmance of the Order following review pursuant to that grant; or (c) the date of final dismissal of any appeal from the Final Approval Order or the final dismissal of any proceeding on certiorari to review the Order that has the effect of confirming the Order.

2.17    "Fairness Hearing" or "Final Approval Hearing" means the final hearing to be conducted by the Court, on notice to the Settlement Class, to consider approval of the Settlement and Class Counsel's motion for approval of attorneys' fees and reimbursement of costs and expenses.  The Parties will ask the Court to schedule a Fairness Hearing approximately ninety (90) to one hundred twenty (120) days from the entry of the Preliminary Approval Order.

2.18    "Final Approval Order" means the Order entered by the Court granting final approval to the Settlement, approving this Agreement under Fed. R. Civ. P. 23(e) and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the

terms of this Agreement, without modifying any terms of this Agreement that either Party deems material.  The Final Approval Order should not be entered earlier than ninety (90) days after the appropriate state and federal officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715(b).

2.19    "Household" means the physical dwelling and/or property at which a Verde customer had an account for variable rate electricity supply service in Illinois, New Jersey, New York, Ohio, Massachusetts, and Pennsylvania.

2.20    "Individual Settlement Amount" means the monetary amount/benefit calculated as of the end date of the Class Period that is allocated to each Settlement Class Member.

2.21    "Lead Class Counsel" means Jonathan Shub and Kevin Laukaitis of Shub Law Firm LLC.

2.22    "Long-Form Notice" means the notice of pendency and proposed settlement of class action that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval of Class Action Settlement.  The Long-Form Notice, which will be available to Settlement Class Members only on the website created and maintained by the Settlement Administrator, shall be substantially in the form of **Exhibit C** to this Agreement.

2.23    "Maximum Settlement Amount" means the total amount of Seven Million Dollars ($7,000,000).  Under no circumstances shall Verde be required to pay or contribute any more funds in relation to the Settlement.

2.24    "Named Plaintiff Enhancement Awards" or "Enhancement Awards" means the monetary amounts awarded by the Court in recognition of the assistance provided by the named Plaintiffs in the prosecution of the Action, the amounts of which are as set forth in Section VII.

2.25    "Net Settlement Fund" means the Settlement Fund less: (i) the Attorneys' Fees and Costs; (ii) the Enhancement Awards; (iii) the Notice and Administration Costs; and (iv) any applicable taxes.

2.26    "Notice and Administration Costs" means the taxes and reasonable costs and fees of notice and administration of the Settlement that are incurred by the Settlement Administrator in connection with providing notice to the Settlement Class, administering the Claim Form process, and distributing the Settlement Fund.

2.27    "Notice of Proposed Class Action Settlement" means the notices described in the Notice Plan as approved by the Court.

2.28    "Notice Plan" means the planned method by which notice of this Agreement will be given to the Settlement Class.

2.29    "Objection" means an objection filed with the Court by a Member of the Settlement Class, objecting to any aspect of the Settlement.

2.30    "Objection Deadline" means the last date on which a Settlement Class Member may object to the Settlement, and submit a Request for objection as set forth in the Preliminary Approval Order and which will be no more than sixty (60) days from the date upon which Notice of the Proposed Class Action Settlement is commenced.  The Objection Deadline will be specified in the Preliminary Approval Order and the Notice of Proposed Class Action Settlement.

2.31    "Opt-Out" means a timely request by a Settlement Class Member to be excluded from the Settlement Class by following the procedures set forth in the Preliminary Approval Order and Notice of Proposed Class Action Settlement.

2.32    "Opt-Out Deadline" means the last date on which a Settling Class Member may request to be excluded from the Settlement Class, and submit a Request for Exclusion as set forth

in the Preliminary Approval Order and which will be no more than sixty (60) days from the date upon which Notice of the Proposed Class Action Settlement is commenced.

2.33    "Parties" means, collectively, the Class Representatives and the Verde Defendants, and "Party" means any one of them.

2.34    "Person" means any natural person, corporation, partnership, business organization, association, or other type of legal entity.

2.35    "Preliminary Approval Order" means the order issued by the Court provisionally (i) granting preliminary approval of this Agreement; (ii) certifying the Class for settlement purposes; (iii) appointing Class Representatives and Class Counsel; (iv) approving the form and manner of the Notice Plan and appointing a Settlement Administrator; (v) establishing deadlines for Requests for Exclusion and the filing of objections to the proposed settlement contemplated by this Agreement; (vi) finding that the Parties have complied with 28 U.S.C. § 1715; and (vii) scheduling the Final Approval Hearing.  The Preliminary Approval Order shall be substantially in the form of **Exhibit D** to this Agreement.

2.36    "QSF" means a Court-approved Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1 in which the Settlement Fund will be deposited.

2.37    "Released Claims" means the following: In exchange for the benefits exchanged in accordance with this Agreement, the Releasing Parties shall release the Released Persons from and for any and all claims, liens, demands, actions, causes of action, obligations, damages, punitive damages, treble damages, penalties, rescission, declaratory or injunctive relief, disgorgement, liabilities, interest, and costs, including attorneys' fees, of any nature or kind whatsoever, that arose or arise at any time through the date of the Preliminary Approval Order, whether legal, equitable or otherwise, whether known or unknown, suspected or unsuspected, existing now or arising in

the future, that actually were, or could have been, asserted in the Action, including, but not limited to, claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, the New Jersey Consumer Fraud Act, the Massachusetts Consumer Protection Act ("Chapter 93A"), the New York General Business Law, the Ohio Consumer Sales Practices Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the Electric Discount and Energy Competition Act, and/or regulations promulgated by the Illinois Commerce Commission, the Massachusetts Department of Public Utilities, the New Jersey Public Utilities Commission, the New York State Public Service Commission the Pennsylvania Public Utility Commission, and/or the Public Utilities Commission of Ohio as well as common-law claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud, breach of implied contract and/or unjust enrichment/quantum meruit, and any and all claims related to or arising from any conduct alleged in the complaints, as amended, consolidated as part of the Action or related conduct (including, but not limited to, relating to any variable rates the Defendants charged for the supply of electricity under any agreements, understandings or programs in Massachusetts, New York, New Jersey, Ohio, Illinois, and Pennsylvania and whether the alleged conduct or related conduct may have occurred and/or is based, or could be based, on any act, omission, inadequacy, misstatement, representation, harm, matter, cause or event by any of the Released Persons, including, without limitation, any claims which arise or arose under, or relate to the Illinois Consumer Fraud and Deceptive Business Practices Act, the New Jersey Consumer Fraud Act, Chapter 93A, the New York General Business Law, the Ohio Consumer Sales Practices Act, or the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  In addition, Plaintiffs, but not other Settlement Class Members, agree to release (and Released Claims shall also include) all claims, liens, demands, actions, causes of action, obligations, damages, punitive damages,

treble damages, penalties, liabilities, interest and costs, including attorneys' fees, of any nature or kind whatsoever, which Plaintiffs have, had, or which arose against the Released Persons at any time through the date of the Preliminary Approval Order, whether legal, equitable or otherwise, whether known or unknown, suspected or unsuspected.

2.38    "Released Persons" means the Verde Defendants and their present and former parents, assignors, subsidiaries, divisions, affiliates, predecessors, successors and assigns, as well as their respective current and former officers, directors, members, stakeholders, owners, employees, agents, licensees, accountants, attorneys and insurers.

2.39    "Releasing Parties" means Plaintiffs, all Settlement Class Members, Class Counsel, and any Person claiming by or through him/her/them/it, including any Person claiming to be his/her/their/its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee or affiliate.

2.40    "Request for Exclusion" means the form that must be completed and returned in the manner and within the time period specified in this Agreement for a Settlement Class Member to request exclusion from the Settlement Class.

2.41    "Settlement" means all of the terms, conditions and exhibits attached to this Agreement.

2.42    "Settlement Administrator" means a third-party class action Settlement administrator who will implement the designated aspects of this Agreement. The Settlement Administrator will be charged with determining the applicable Individual Settlement Amount for each Class Member in accordance with this Agreement and the data provided by the Verde Defendants. The Settlement Administrator, subject to Court approval, will be Epiq Class Action

16

& Claims Solutions, Inc. ("Epiq"), unless another third-party administrator is later agreed to by the Parties in writing and approved by the Court.

**2.43** "Settlement Class" or "Settlement Class Members" means all Class Members that do not Opt-Out of the Settlement.

**2.44** "Settlement Fund" means the non-reversionary cash fund established by Epiq that shall be funded by the Verde Defendants in the total amount of Seven Million Dollars ($7,000,000.00). The Settlement Fund is the total sum that the Verde Defendants will pay in connection with this Agreement. In no event will Verde be responsible for contributing monies to the Settlement Fund other than this Seven Million Dollars ($7,000,000.00).

**2.45** "Settlement Website" means an internet website created and maintained by the Settlement Administrator. The URL of the Settlement Website is www.VariableRateEnergySettlement.com and shall be provided in the Notices approved by the Court.

**2.46** "Short-Form Notice" means the summary notice of the pendency and proposed settlement of class action that the Parties will ask the Court to approve in connection with the motion for class notice of settlement. The Short-Form Notice shall be substantially in the form of **Exhibit B** to this Agreement. The Short-Form Notice will include an identification number unique to each account maintained by any Settlement Class Member and information concerning the submission of an online Claim Form.

**2.47** "Valid Claim" means a Claim Form submitted by the Settlement Class Member that (a) is submitted in accordance with the directions accompanying the Claim Form and the provisions of the Settlement; (b) is, on the initial submission or following correction after receipt of a deficiency notice from the Settlement Administrator, accurately, fully, and truthfully

completed, and executed by a Settlement Class Member, with all of the information requested in the Claim Form; (c) is signed physically or by e-signature of a Settlement Class Member personally, subject to the penalty of perjury; (d) is returned via mail and post-marked by the Claims Deadline, or, if submitted online, is received by 11:59 p.m. Eastern Time on the final day of the Claim Period; and (e) is determined to be valid by the Settlement Administrator, jointly by the Parties after good-faith consultation, or by the Court.

## III.    CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

3.1    The Parties agree that the Action may be certified as a class action for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3) in accordance with the terms of this Agreement and without prejudice to Verde's right to contest class certification in the event that this Agreement fails to become effective or is not fully implemented in accordance with its terms. Verde denies that the claims asserted against it are suitable for class certification for any purposes other than for settlement purposes, and no Plaintiff, Class Counsel, or Lead Class Counsel will argue or in any way assert that Verde's willingness to enter into the Settlement or any judicial approval or preliminary approval of the Settlement is evidence that any Claim asserted by any Plaintiff is suitable for class certification for any reason other than for settlement purposes.

If the Settlement is not approved or this Agreement fails to be fully implemented, the Verde Defendants reserve all rights to object to any subsequent motion to certify a class in the Action or any other lawsuit and no representation or concession made in connection with the Settlement or this Agreement shall be considered law of the case or an admission by the Verde Defendants or to have any kind of preclusive effect against the Verde Defendants or to give rise to any form of estoppel or waiver by the Verde Defendants in these actions or any other proceeding.

3.2    The Verde Defendants expressly deny any and all liability and/or wrongdoing with

respect to any and all of the claims alleged in the Action and any similar lawsuit and enter into the Settlement solely to compromise disputed claims. Accordingly, any references to the alleged business practices of the Verde Defendants in the Settlement, this Agreement, or the related Court hearings and processes shall raise no inference respecting the propriety of those business practices or any other business practices of the Verde Defendants.

## IV.    REQUIRED EVENTS

4.1    As soon as practicable after the execution of this Agreement, Class Counsel shall file this Agreement and a motion for preliminary approval seeking entry of the Preliminary Approval Order, substantially in the form of **Exhibit D** to this Agreement, which order by its terms shall accomplish all of the following:

4.1.1    Preliminarily approve the Settlement as within the range of reasonableness to the Settlement Class;

4.1.2    Conditionally certify the Settlement Class for the purpose of effectuating the Settlement;

4.1.3    Designate Plaintiffs as the representatives of the Settlement Class;

4.1.4    Designate Lead Class Counsel and Class Counsel as counsel for the Settlement Class;

4.1.5    Approve the Settlement Administrator and instruct the Settlement Administrator to perform the following functions in accordance with the terms of this Agreement and the Preliminary Approval Order:

i    Before disseminating Class Notice, establish the Settlement Website, which Settling Class Members can visit to read and obtain additional

information regarding the Settlement, including submission of Claim Forms;

ii    Process Objections to the Settlement in accordance with Section IX of this Agreement; and

iii   Process Claim Forms in accordance with Section V of this Agreement;

**4.1.6**    Seek an order to stay any other proceedings affecting the certified class pending in any other Court, pending the issuance of the Final Approval Order; and

**4.1.7**    Approve the form, contents, and method of notice to be given to the Settlement Class as set forth in Section VI of this Agreement, and direct the Verde Defendants to provide, or cause to be provided, such notice and to file with the Court a declaration of compliance with those notice requirements, as set forth in Section VI of this Agreement.

## V.   SETTLEMENT CONSIDERATION AND PROCEDURES FOR PROVIDING BENEFITS TO SETTLEMENT CLASS MEMBERS

### 5.1   Benefit Available to Settlement Class Members

In order to qualify for a Benefit, Class Members must timely submit a Valid Claim. This may be done on the Settlement Website on or before the Claims Deadline. Class Members may also submit a paper copy of the Claim Form. Claim Forms submitted via mail must be postmarked on or before the Claims Deadline. The Claim Period will be one hundred eighty (180) days from the commencement of the Notice Plan. Claims returned by mail must be postmarked by the 180th day. Claim Forms submitted using the Settlement Website must be submitted by 11:59 p.m. Eastern Time on the 180th day of the Claim Period.

All Class Members who submit a Claim Form must sign (or, in the case of Claims made

on-line on the Settlement Administrator's website, electronically confirm), as part of the Claim Form, an attestation under penalty of perjury that: (i) they (or their business) are/were a named account holder with one of the Verde Defendants during the Class Period; (ii) they enrolled (either initially or though "rolling over" from a fixed rate plan) or were otherwise customers in or parties to a Verde variable rate electricity plan in connection with property located within Massachusetts from April 17, 2013 through October 31, 2015, within New York from January 21, 2014 through October 31, 2015, within Illinois from January 31, 2008 through October 31, 2015, within New Jersey from January 21, 2012 through October 31, 2015, within Ohio from June 24, 2012 through October 31, 2015, and within Pennsylvania from January 1, 2012 through October 31, 2015, plus those customers in Pennsylvania who became Verde Energy USA, Inc. variable rate electricity plan customers beginning in 2018 following a transfer of their customer relationships with Oasis Power, LLC; (iii) they did not have their account balance discharged due to bankruptcy or receivership; and (iv) they acknowledge that submission of the Claim Form waives any Opt-Out rights that they may otherwise have; and (v) they have the legal authority to submit the Claim.

Settlement Class Members who are paid by check shall have ninety (90) days within which to cash or deposit those checks. Upon the expiration of such period, any check not cashed or deposited will become void. The voiding of any such check by the passage of time as described in this paragraph shall not serve to invalidate the release given in Section XII hereof by any Settlement Class Member who failed to timely negotiate his or her check.

## VI.   SETTLEMENT FUND

**6.1**   The Settlement Fund shall be used to pay: (i) Attorneys' Fees and Costs; (ii) Enhancement Awards; (iii) Notice and Administration Costs; and (iv) any applicable taxes. The

balance remaining in the Settlement Fund, *i.e.*, the "Net Settlement Fund," shall be distributed to Settling Class Members as provided herein. In no event shall Verde or any Released Parties bear any responsibility for any such amounts, fees, costs, or expenses beyond Verde's responsibility to pay the Settlement Fund pursuant to Section VI of this Agreement.

**6.2** After the grant of preliminary approval but prior to the Effective Date of the Settlement and the establishment of a Settlement Fund, the Verde Defendants shall make periodic payments directly to Epiq for reasonable Notice and Administration Costs to be incurred by Epiq in accordance with the payment schedule attached to the services agreement between Epiq and Verde. All payments made by the Verde Defendants directly to Epiq shall be deemed to be contributions to the Settlement Fund. Within seven (7) business days after the Effective Date of the Settlement, Verde shall deposit the remainder of the Settlement Fund, but in no event shall Verde's cumulative payment to Epiq and to the Settlement Fund exceed the Maximum Settlement Amount ($7,000,000).

**6.3** The Settlement Fund shall be a Court-approved QSF for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The Verde Defendants shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. The Verde Defendants shall provide to the Settlement Administrator any documentation reasonably required for the Settlement

Administrator to facilitate obtaining QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

6.4     Lead Class Counsel and counsel for the Verde Defendants agree that Huntington Bank shall be the bank in which the Settlement Fund shall be deposited. The Settlement Fund bank shall invest the Settlement Fund exclusively in an interest-bearing account or accounts where the principal will not decrease and is fully insured by the United States Government or an agency thereof, including certificates of deposit, a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. The Settlement Fund escrow bank shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All interest earned on the investment of the Settlement Fund shall be added to the Settlement Fund for distribution as set forth herein.

6.5     Other than payment of the Settlement Fund, the Verde Defendants will have no financial obligations to Class Representatives, Settlement Class Members, Class Counsel, any other attorney representing any Class Member, or the Settlement Administrator with respect to the Released Claims or otherwise. The Settlement Fund represents the total extent of Verde's monetary obligations under this Agreement. In no event shall Verde's total monetary obligations with respect to this Agreement exceed the Maximum Settlement Amount.

6.6     The Settlement Fund will be used to cover all obligations with respect to costs related to this Agreement, including the reasonably incurred expenses of the Settlement Administrator, the Notice Plan, payments to Settlement Class Members, any Enhancement Awards, any Attorneys' Fees and Costs, any applicable taxes, and any other reasonably incurred

administrative fees and expenses in connection with this Agreement; provided, however, that Lead Class Counsel in conjunction with counsel for the Verde Defendants, must approve any payments to the Settlement Administrator prior to the Settlement Administrator incurring such expenses. The Parties intend that, after the foregoing payments and disbursements are made, there will be no funds remaining. Nonetheless, to the extent any funds remain, no portion of the Settlement Fund will be returned to the Verde Defendants.

6.7     If this Agreement is terminated, the Settlement Administrator will return all funds to the Verde Defendants within ten (10) days of the termination date; provided, however, that the Settlement Administrator need not return any funds already spent on notice and on reasonable Settlement Administrator expenses before the termination date.  Notwithstanding any provision herein, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Class Representatives, and Class Counsel shall not in any way be responsible or liable for any administration expenses, taxes with respect to the Settlement Fund, or any expenses, including costs of notice and administration associated with the Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs and the Verde Defendants' future payment obligations shall cease.

6.8     The Released Persons, and the Releasing Parties shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Settlement Administrator, including but not limited to, liabilities, obligations or responsibilities arising in connection with the investment, disbursement or other administration of the Settlement Fund and QSF.

**6.9**    Once deposited by the Verde Defendants, the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to this Agreement, or this Agreement is terminated, or the Court declines to enter the Final Approval Order, or pursuant to further order(s) of the Court.

**6.10**    Notwithstanding any effort, or failure, of the Settlement Administrator or the Parties to treat the Settlement Fund as a QSF, any tax liability, together with any interest or penalties imposed thereon, incurred by the Verde Defendants or any Releasees resulting from income earned on the Settlement Fund or the payments made from the Settlement Fund (or the receipt of any payment under this paragraph) shall be reimbursed from the Settlement Fund in the amount of such tax liability, interest or penalties promptly upon and in no event later than five (5) days after Verde's or any Released Party's written request to the Settlement Administrator.

**6.11**    For avoidance of doubt, neither Released Persons nor Releasing Parties shall have any liability, obligation, or responsibility whatsoever for tax obligations arising from payments to any Settlement Class Member or based on the activities and income of the QSF.  In addition, neither Released Persons nor Releasing Parties shall have any liability, obligation, or responsibility whatsoever for tax obligations arising from payments to Class Counsel.  The QSF will be solely responsible for its tax obligations.  Each Settlement Class Member will be solely responsible for his, her, or its tax obligations.  Each Class Counsel or other attorney or firm receiving a distribution from the Settlement Fund will be solely responsible for his, her, or its tax obligations.

**6.12**    Neither Class Counsel nor counsel for the Verde Defendants are providing legal advice regarding the taxability of any amount paid hereunder and nothing contained herein shall be interpreted as constituting legal advice regarding the taxability of any amount paid hereunder,

nor shall it be relied upon as such. Any tax issues raised by this Agreement may be unique as to each Party and Settlement Class Member, and each Party and Settlement Class Member is advised to obtain tax advice from his, her, or its own tax advisor with respect to any payments resulting from this Agreement. Each Party and Settlement Class Member will be responsible for paying his, her, or its own respective share of all applicable state, local, and federal taxes on all amounts received or paid pursuant to this Agreement.

6.13    Verde shall have no liability whatsoever with respect to (i) any act, omission, or determination by Class Counsel or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the determination, administration, or calculation of Claims to be paid to Settlement Class Members from the Settlement Fund; or (iv) the payment or withholding of taxes or related expenses, or any expenses or losses incurred in connection therewith. The Releasing Parties and Class Counsel release the Released Persons from any and all liability and Claims arising from or with respect to the administration, investment, and/or distribution of the Settlement Fund.

6.14    No person shall have any claim against Class Representatives, Class Counsel, the Released Persons, counsel of record for any party in the Action, the Settlement Administrator, or any other person designated by Class Counsel, based on determinations or distributions made substantially in accordance with this Agreement and the Settlement contained herein, administration of the Settlement Fund and the QSF, or further order(s) of the Court.

## VII.    PROCEDURES FOR PROVIDING NOTICE AND BENEFIT TO SETTLEMENT CLASS MEMBERS

7.1    The Parties shall jointly ask the Court to approve Epiq as the Settlement Administrator. The Settlement Administrator shall, subject to the supervision of the Court,

administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel, counsel for the Verde Defendants, the Parties, and their representatives promptly upon request.

7.2     The Settlement Administrator shall be responsible for, among other things, providing notice as set forth in the Notice Plan, processing Claim Forms, and administering the Settlement Website, Opt-Out process, and Settlement Claims process described herein (including receiving and maintaining on behalf of the Court and the Parties any Settlement Class Members' correspondence regarding Opt-Out requests from the Settlement Class). The Settlement Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent Claims including but not limited to: validating Claims against the Verde Defendants' records, using a unique Class Member identifier which will be matched to the notice list and screening for multiple or fraudulent Claims which are not consistent with the facts. The Settlement Administrator and Parties shall have the right to audit Claims, and the Settlement Administrator may request additional information from Settlement Class Members submitting Claims. If any fraud is detected or reasonably suspected, the Settlement Administrator may request further information from the Settlement Class Member (including by cross examination) or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court. The Settlement Administrator shall approve or deny all Claims, and its decision shall be final and binding, except that Class Counsel, the Verde Defendants, and counsel for the Verde Defendants shall have the right to audit Claims and to challenge the Settlement Administrator's decisions. In the event that

any Party disputes a decision by the Settlement Administrator, the Parties shall confer in good faith and, if they are able to reach agreement, direct the Settlement Administrator accordingly. Should the Parties be unable to reach agreement, any Party may submit the issue to the Court for resolution.

7.3     Settlement Class Members will be identified based on the records maintained by the Verde Defendants provided that, if the Settlement Administrator determines, pursuant to the procedures set forth herein, that a Settlement Class Member's current mailing address is different from the last known mailing address, then such current mailing address will be employed for all communications with the Settlement Class Member.

7.4     The Parties will be jointly responsible for agreeing upon the form and language of the notice to the Settlement Class and they agree to cooperate in drafting that notice and ensuring that the notice complies with the requirements of Federal Rule of Civil Procedure 23 and due process, subject to Court approval. Copies of the proposed notice to the Settlement Class shall be served and filed with the motion for preliminary approval of the Settlement.

7.5     No later than forty-five (45) days after entry of the Preliminary Approval Order approving this Agreement and the Notice Plan, the Short-Form Notice will be sent by United States Mail to those Settlement Class Members for whom the Verde Defendants have an address on file, postage prepaid, in a preprinted double postcard format with a claim form on the back flap and containing a unique class member identifier. The Short-Form Notice will also be sent by email containing a unique class member identifier to those Settlement Class Members for whom the Verde Defendants have an email address on file. The Long-Form Notice will be available on the Settlement Website to all Settlement Class Members but will not contain a unique class member identifier.

7.6     No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Section.

7.7     No later than twenty-one (21) days after entry of the Preliminary Approval Order approving the Settlement, the Settlement Administrator will create and maintain the Settlement Website to provide, among other things, copies of the Long-Form Notice, the Settlement Administrator's and Class Counsel's contact information, certain selected pleadings and Court orders from the Action, a method for the electronic submission of Claim Forms at the appropriate time, and a method for requesting the Claim Form(s) by mail.  The website will also contain a "frequently asked questions" section, subject to input and approval by the Parties, setting forth, among other things, procedures for completing and submitting a Claim Form online or by mail; procedures for requesting exclusion from the Settlement Class pursuant to the terms of the Preliminary Approval Order; procedures for objecting to the Settlement pursuant to the terms of the Preliminary Approval Order; the scheduled date for the Final Approval Hearing, and deadlines relevant to the Settlement as established in the Preliminary Approval Order, including the dates for seeking exclusion from the Settlement Class, objecting to the Settlement, and filing a Claim Form.

## VIII.   FORMULA FOR DETERMINING CLASS MEMBER BENEFIT

8.1     Each Settlement Class Member who files a Valid Claim shall receive a pro-rata share of the Net Settlement Fund. That pro-rata share shall be based on the Settlement Class Member's proportional kWh usage during the Class Period of the aggregate kWh of variable rate energy consumed by all Class Members during the Class Period.

8.2     The distribution of the Settlement Fund shall have the following preferential order:

**8.2.1**    Payment of all Notice and Administration Costs;

**8.2.2**    Payment of any taxes associated with the Settlement Fund;

**8.2.3**    Payment of any Attorneys' Fees and Costs plus any interest or income earned on the Attorneys' Fees and Costs portion of the Settlement Fund and Enhancement Awards;

**8.2.4**    Payment of the Net Settlement Fund to Settlement Class Members in accordance with the Final Approval Order or any subsequent order of the Court within thirty (30) days of final disposition of all claims by the Settlement Administrator; and

**8.2.5**    Payment of any residue of the Settlement Fund as set forth in this Agreement, subject to a reduction for any associated administrative costs.

**8.3**    Settlement Payments to Settlement Class Members

**8.3.1**    Settlement Class Members may submit one Claim per Settlement Class Member to receive a distribution from the Settlement Fund.

**8.3.2**    For feasibility and fraud-prevention reasons, distributions to Settlement Class Members will be made by electronic payment. If any Settlement Class Member cannot receive an electronic payment, the Settlement Administrator will provide an alternative form of payment.

**8.3.3**    The method for submitting a Claim and for receiving a distribution will be described and provided in the Notice Plan after consultation with the Settlement Administrator. Settlement Class Members will be required to prove eligibility by means reasonably resistant to fraud to be mutually agreed upon by the Parties after consultation with the Settlement Administrator.

**8.3.4**    Settlement Class Members with Valid Claims who fail to provide sufficient or correct information or fail to submit a Valid Claim within the time period identified in the Notice Plan waive any right to any payment from the Net Settlement Fund or otherwise under this Agreement but shall in all other respects be bound by all of the terms of this Agreement and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Released Parties concerning any of the Released Claims.

**8.3.5**    The Settlement Administrator shall review all Claims to determine their validity. The Settlement Administrator may reject any Claim that does not comply in any material respect with the instructions in the Notice Plan; is not submitted by a Settlement Class Member; is a duplicate of another

Claim; is reasonably suspected to be fraudulent; or is submitted after the deadline for Claims. The decision of the Settlement Administrator shall be final as to the determination of a Claim's validity.

**8.3.6** Late Claims may be considered if deemed appropriate by the Settlement Administrator in consultation with Class Counsel, or if ordered by the Court.

**8.3.7** Claims of Settlement Class Members that are deemed valid will be paid out to Settlement Class Members by the Settlement Administrator beginning within thirty (30) days of final disposition of all claims by the Settlement Administrator.

**8.4** Residual

**8.4.1** Within one hundred and twenty (120) days after the date the Settlement Administrator distributes the first Settlement Fund Payments, any funds remaining in the Settlement Fund shall be redistributed on a *pro rata* basis to Settlement Class Members who previously received payment, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.

**8.4.2** If the Settlement Administrator determines that any residual of the Settlement Fund cannot be distributed on a pro rata basis to Settlement Class Members who submitted a Claim, the Court may designate an appropriate alternative plan for distribution of the residual.

**8.4.3** All costs associated with the disposition of residual funds – whether through additional distributions to Settlement Class Members and/or through an alternative plan approved by the Court – shall be payable solely from the Settlement Fund.

**IX.** **CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, AND NAMED PLAINTIFF ENHANCEMENT AWARDS**

**9.1** The Parties agree, subject to Court approval, that Jonathan Shub and Kevin Laukaitis of Shub Law Firm LLC shall be appointed as Lead Class Counsel, and that Melissa K. Sims, Daniel K. Bryson, and Harper T. Segui of Milberg Coleman Bryson Phillips & Grossman, PLLC, Edward A. Wallace of Wexler Wallace LLP, Jeffrey S. Goldenberg of Goldenberg Schneider, LPA, Jason M. Leviton of Block & Leviton LLP, D. Greg Blankinship

31

of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Jason T. Brown of Brown, LLC, and Aarthi Manohar of Kohn, Swift & Graf, P.C. shall be appointed Class Counsel, without prejudice to Verde's right to contest the appointment in the event that this Agreement is not fully implemented in accordance with its terms. If the Settlement is not approved or this Agreement fails to be implemented fully, the Verde Defendants reserve all rights to object to any subsequent motion to appoint class counsel in these or any other actions.

9.2     Class Counsel will submit an application (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of: (i) attorneys' fees not to exceed 33-1/3% of the Settlement Fund; (ii) reimbursement of litigation expenses, plus interest, incurred in connection with the prosecution of the Action; and/or (iii) Enhancement Awards for Class Plaintiffs in conjunction with their representation of the Class. Defendants will take no position regarding the Fee and Expense Application. Attorneys' fees, expenses, and interest, as awarded by the Court ("Fee and Expense Award") to Class Counsel, shall be paid from the Settlement Fund to Lead Class Counsel ten (10) days after the Effective Date.

9.3     In connection with its Fee and Expense Application, Class Counsel intends to ask the Court for approval of Enhancement Awards to Class Representatives to be paid from the Settlement Fund in the following amounts: Plaintiff Mercado: $25,000; Plaintiff Marshall: $7,500; Plaintiff LaQua: $5,000; Plaintiff Abbate: $5,000; Plaintiff Davis: $5,000; Plaintiff Riley: $5,000, and Plaintiff Panzer: $5,000. Verde reserves all rights to oppose either the Enhancement Awards in total, or the aforementioned amount Class Counsel requests for one or more of the Class Representatives. All Enhancement Awards shall be paid from the Settlement Fund. Should the Court award less than the amounts requested, the difference in the amounts sought and the amounts ultimately awarded shall remain in the Settlement Fund.

**9.4**     Lead Class Counsel shall have sole authority to determine the allocation of fees and costs among and between Lead Class Counsel and Class Counsel, and shall do so in good faith according to the contributions made in the Action.

**9.5**     It is not a condition of this Agreement that any particular amount of attorneys' fees, costs, or expenses or Enhancement Awards be approved by the Court, or that such fees, costs, expenses or awards be approved at all.  Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Enhancement Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment, except that any modification, order or judgment cannot result in Verde's overall obligation exceeding the agreed-upon amount of the Settlement Fund.

**9.6**     Except as otherwise provided in this Section, each Party will bear its own costs, including attorneys' fees, incurred in connection with the Action.

## X.   <u>NOTICE AND DISSEMINATION TO THE SETTLEMENT CLASS</u>

**10.1**     Subject to Court approval, the Parties agree that the Claims Administrator shall cause notice of the proposed Settlement to be provided to the Settlement Class as provided below.

**10.2**     The Parties agree that the Class Notice shall be in the manner and form agreed upon by the Parties and approved by the Court.  Collectively, the Class Notice shall in general terms set forth and sufficiently inform the Settlement Class Members of: (1) a short, plain statement of the background of the Action, the Class certification, and the essential terms of the Settlement; (2) the appropriate means for obtaining additional information regarding the Settlement and the Action; (3) the appropriate information concerning the procedure for Opting-Out from the Settlement and filing an Objection to the Settlement, if they should wish to do so; and (4) that any relief to

Settlement Class Members is contingent on the Court's final approval of the Settlement. The Parties will request the Court to approve the Class Notice in the Motion for Preliminary Approval.

## XI. OPT OUTS AND OBJECTIONS

Subject to an Order of the Court so providing, the Parties agree that:

### 11.1 Opt-Out

Any potential Settlement Class Member may elect to be excluded from the Settlement and from the Settlement Class by Opting-Out of the Settlement Class. Any potential Settlement Class Member who desires to be excluded from the Settlement Class must give written notice of the election to Opt-Out on or before the date specified in the Preliminary Approval Order, with copies mailed to the Settlement Administrator, Class Counsel, and counsel for the Verde Defendants. Opt-Out requests must: (i) be signed by the Settlement Class Member who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the Settlement Class Member requesting exclusion; and (iii) include the following statement: "I/We request to Opt-Out from the settlement in the Action." No Opt-Out request will be valid unless all of the information described above, of the functional equivalent, is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class. The last date for Settlement Class Members to Opt-Out of the Settlement will, subject to Court approval, be on the Opt-Out Deadline contained in the Preliminary Approval Order.

The Class Representatives affirmatively support this Settlement and agree not to Opt-Out of the Settlement. None of the Class Representatives, Class Counsel, Verde, or their counsel shall in any way encourage any Settlement Class Member to opt out or discourage

any Settlement Class Member from participating in the Settlement.

**11.2    Objections**

Any Settlement Class Member who wishes to object to the Settlement must file a written Objection and, if the Settlement Class Member wishes to appear at the Fairness Hearing, a notice of intention to appear before the Court at the Fairness Hearing, and serve copies on the Settlement Administrator, Class Counsel, and counsel for Verde.  To be heard at the Fairness Hearing, the Settlement Class Member must make any Objection in writing, file it with the Clerk of Court by the Opt-Out and Objection Deadline, and file a notice of intention to appear.  The Objection must also be mailed to each of the following, received no later than the last day to file the objection: (i) Class Counsel via Jonathan Shub, Shub Law Firm LLC, 134 Kings Hwy. E., 2nd Floor, Haddonfield, NJ 08033, and (ii) counsel for the Verde Defendants via Kevin P. Allen, ECKERT SEAMANS CHERIN & MELLOTT, LLC, 600 Grant Street, 44th Floor, Pittsburgh, PA 15219. Any Objection must (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (b) include a statement of such Settlement Class Member's specific Objection; (c) state the grounds for the Objection; (d) identify any documents such objector desires the Court to consider; (e) provide all information requested on the Claim Form.  In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other Objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any Court in the United States in the previous five years.  If the Settlement Class Member or his/her or its/their counsel has not objected to any other class action settlement in the United States in the previous five years, he/she or its/their counsel shall affirmatively so state in the Objection.  Any Objection to be considered timely must be filed by the Objection Deadline contained on the Preliminary Approval Order.

## XII.   PROCEDURES FOR SETTLEMENT APPROVAL

### 12.1   Approval of Class Notice of Settlement

Promptly after the execution of this Agreement, Plaintiffs will move the Court for an order preliminary approving the Settlement and requesting that the Court approve the form and content of the Short-Form Notices (the post card and email notices) and Long-Form Notice, substantially in the forms of **Exhibits B and C** to this Agreement, as described in Section VIII above, and:

**12.1.1**   Certifying the Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a)(l)-(4) and (b)(3), with Plaintiffs Tracey Mercado, Melissa Davis, Ray Marshall, Jermina LaQua, Michael Abbate, Tom Riley, and Scott Panzer appointed as Class Representatives for the Settlement Class and counsel for Plaintiffs, as stated herein, appointed as Class Counsel for the Settlement Class;

**12.1.2**   Setting the date of the Fairness Hearing, upon notice to the Settlement Class, to consider:

i.   whether the Settlement should be approved as fair, reasonable, and adequate and whether the Action should be dismissed with prejudice;

ii.   Class Counsel's motion for an award of attorneys' fees, costs and expenses; and

iii.   Class Counsel will file a motion for final approval of the Settlement, and an application for the award of attorneys' fees, costs, and enhancement awards for the Class Representatives, no later than 45 days following the mailing of Class Notice. Class Counsel will respond to any

objections to the foregoing motions no later than seven (7) days prior to the date of the Final Fairness Hearing.

Upon the filing of Plaintiff's Motion for Preliminary Approval of Class Notice of Settlement, counsel for Verde will provide notice of the Settlement to the appropriate officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the costs of such notice to be paid by Verde.

**12.2    Final Approval of the Court**

This Agreement and the Settlement embodied herein are subject to Final Approval by the Court. If the Settlement is approved, the Court will enter a judgment dismissing the Action with prejudice. The Parties waive any right to appeal or collaterally attack a Final Approval Order entered by the Court.

If this Agreement or any material part of it is modified by the Court or is materially modified upon appeal or remand, either Party may terminate this Agreement pursuant to Section

## XIII.    ELECTION TO TERMINATE

If no Party timely elects to terminate, then the Parties shall remain bound to the Settlement as so modified. No order or action of the court pertaining to attorneys' fees or expenses shall be considered to constitute a modification so long as such order, action, or modification does not increase the cost of settlement to be borne by the Verde Defendants, and does not require that the Verde Defendants do anything not specifically set forth herein, or is one that significantly affects the rights or obligations of one or more of the Parties. Similarly, no order or action of the court pertaining to the Named Plaintiff Enhancement Awards shall be considered to constitute a material modification so long as such order, action or modification does not increase the cost of Settlement to be borne by the Verde Defendants

and does not require that the Verde Defendants do anything not specifically set forth herein.

## XIV.  **RELEASES**

Upon the Effective Date and without any further action by the court or by any Party to this Agreement, Plaintiffs and the Settlement Class Members and all of their administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors and successors, for good and sufficient consideration, the receipt and adequacy of which are acknowledged, shall be deemed to, and shall, in fact, have remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against any of the Released Persons.

The Releasing Parties hereby fully release and forever discharge the Released Parties from the Released Claims.

Without limiting the foregoing, the release specifically extends to Claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the release contained herein, becomes effective. This paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter

38

discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## XV.  FINAL JUDGMENT AND SETTLEMENT APPROVAL

This Agreement is subject to and conditioned upon the issuance by the Court of the Final Approval Order that finally certifies the Settlement Class for the purposes of the Settlement, grants final approval of this Agreement, and provides the relief specified herein, which relief shall be subject to the terms and conditions of this Agreement and the Parties' performance of their continuing rights and obligations hereunder.

## XVI.  REPRESENTATIONS AND WARRANTIES

Each Party represents and warrants to, and agrees with, the other Parties as follows:

**16.1**    Each Party has had the opportunity to receive, and has received, independent legal advice from his, her, or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

**16.2**    The Verde Defendants represent and warrant: (a) that they have the requisite company power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated hereby; (b) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary company action on the part of the Verde Defendants; and (c) that this Agreement has been duly and validly executed and delivered by the Verde Defendants and

constitutes their legal, valid and binding obligation.

**16.3** The Class Representatives represent and warrant that they are entering into this Agreement on behalf of themselves individually and as proposed representatives of the Settlement Class Members, of their own free will and without the receipt of any consideration other than what is provided in this Agreement or disclosed to, and authorized by, the Court. The Class Representatives represent and warrant that they have reviewed the terms of this Agreement in consultation with Class Counsel and believes them to be fair and reasonable, and covenants that they will not file an Opt-Out request from the Settlement Class or object to this Agreement.

**16.4** Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties that Plaintiffs have, may have arising out of these lawsuits or could have asserted in these lawsuits, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs..

**16.5** No Party relies or has relied on any statement, representation, omission, inducement, or promise of any other Party (or any officer, agent, employee, representative, or attorney for any other party) in executing this Agreement, or entering the Settlement provided for herein, except as expressly stated in this Agreement.

## XVII. <u>NO ADMISSIONS OF FAULT</u>

The Agreement and every term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only. Whether or not consummated, this Agreement shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Plaintiffs, the Verde Defendants, any

Settlement Class Member or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party.

## XVIII. <u>MISCELLANEOUS PROVISIONS</u>

### 18.1 Termination of Agreement

Except as expressly set forth herein, the Parties shall have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so to the other Party within sixty (60) days after the date which (a) the Court declines to enter the Preliminary Approval Order or makes material changes thereto; (b) the Court refuses to approve the Settlement or any material part thereof; (c) the Court declines to enter the Final Approval Order or makes material changes thereto; (d) the Final Approval Order is vacated, modified or reversed in any material respect; or (e) the Effective Date otherwise does not occur.

If any of the Plaintiffs or more than five percent (5%) of the Settlement Class Members Opt-Out of the Settlement, Verde Defendants may, in their sole discretion, terminate the Settlement within five (5) business days after receiving notice from the Settlement Administrator that this threshold has been reached, which notice shall be provided by the Settlement Administrator no later than ten (10) days before the Fairness Hearing.

### 18.2 Entire Agreement

This Agreement, together with the Exhibits hereto, constitutes the complete and entire agreement between the Parties with respect to the subject matter of the Settlement and supersedes all prior negotiations, communications, memoranda, and agreements between the Parties. Neither Plaintiffs nor the Verde Defendants are entering into this Agreement in

reliance upon any representations, warranties, or inducements other than those contained in this Agreement.

### 18.3 Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and counsel to Verde, without notice to Settlement Class Members except that the Settlement Administrator shall ensure that such dates are posted on the Settlement Website.

### 18.4 Extension of Time

The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### 18.5 Plaintiffs' Authority

Class Counsel represent and warrant that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Plaintiffs and, subsequent to an appropriate Court Order, the Settlement Class in order to effectuate the terms of this Agreement and are also authorized to enter into appropriate modifications or amendments to this Agreement on behalf of the Plaintiffs and, subsequent to an appropriate Court Order, the Settlement Class Members.

### 18.6 Counterparts

This Agreement may be executed in one or more counterparts, all of which together shall be deemed to be one and the same instrument. The Parties agree that a copy of the executed counterparts may be filed with the Court in connection with the motion to approve

the Settlement, either in portable document format or some other suitable electronic form, as an exhibit to Plaintiffs' Motion for Preliminary Approval without the need to collate and file a copy with original signatures.

### 18.7 Cooperation

The Parties shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and responsibilities. The Parties will also cooperate so that Class Counsel may have such confirmatory discovery as is reasonably necessary in connection with this Agreement.

### 18.8 Binding Nature

This Agreement shall be binding upon the heirs, executors, administrators, successors and assigns of the Plaintiffs, Settlement Class Members, and the Verde Defendants.

### 18.9 Construing this Agreement

This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been initially drafted by counsel for only one of the Parties. It is recognized that this Agreement is the result of arm's-length negotiations between the Parties, and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement; accordingly, the doctrine of *contra proferentum* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply.

### 18.10 Choice of Law

This Agreement shall be governed by and interpreted in accordance with the substantive law of the State of Illinois, exclusive of choice of law principles.

### 18.11 Jurisdiction

The Parties submit to the exclusive jurisdiction of the United States District Court for

the Northern District of Illinois for the purpose of enforcing this Agreement or implementing any part of the Settlement embodied in this Agreement.

### 18.12 Headings

The captions and headings employed in this Agreement are for convenience only, are not a part of this Agreement, and shall not be used in construing or interpreting this Agreement.

### 18.13 Evidentiary Preclusion

The Parties, Class Counsel, Lead Class Counsel, and Counsel for the Verde Defendants agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification regarding any claims against any individual or any entity in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

The Parties, Class Counsel, Lead Counsel and counsel for the Verde Defendants further agree that they may not use this Agreement for any purpose other than to effectuate the Settlement and/or enforce the Agreement's terms. In addition, any failure of the Court to approve the Settlement and/or any objections or interventions may not be used as evidence in the Action or any other proceeding for any purpose whatsoever.

### 18.14 Effect of Non-approval

In the event that this Agreement is not approved by the Court in substantially its present form, any Objection to the Settlement is sustained by the Court, or the Settlement does not

become final for any reason including termination, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties or the Settlement Class Members, and shall not be used in the Action or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.  In such event, this Agreement and all negotiations, proceedings, documents prepared and statements made in connection with this Agreement shall be without prejudice to any Party or Settlement Class Member and shall not be admissible or offered into evidence in any action or proceeding, and shall not be deemed, asserted or construed to be an admission or confession by any Party or any other Person or entity of any fact, matter or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties and Settlement Class Members shall stand in the same position as if this Agreement and Settlement had not been negotiated, made or submitted to the Court.

### 18.15  Effectiveness, Amendments, and Binding Nature

This Agreement may be amended only in writing signed by the Parties.  Except as otherwise stated above, each Party, including Plaintiffs on behalf of themselves and the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Agreement are hereafter found to be other than as now believed or assumed by that party to be true or applicable, this Agreement shall nevertheless remain effective.

This Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, officers, directors, parents, subsidiaries, assigns, executors, administrators, insurers, and successors in interest.  All Released Parties

other than Verde, which is a Party, are intended to be third-party beneficiaries of this Agreement.

### 18.16 Stay Pending Court Approval

Class Counsel and counsel for the Verde Defendants agree that, as soon as reasonably practicable after the Second Amended Complaint is filed in the *Mercado* Action, they shall move to stay all proceedings impacted by this Agreement, specifically the *Marshall*, *Davis*, *LaQua*, *Abbate*, and *Panzer* Actions, and request that such stays remain in place until the Effective Date of the Settlement has occurred. In the event that any of the courts presiding over the *Marshall*, *Davis*, *LaQua*, *Abbate*, and *Panzer* Actions decline to enter a stay, Class Counsel and counsel for the Verde Defendants agree that they shall not actively litigate the claims and defenses raised in those Actions until the Effective Date of the Settlement has occurred. If, despite the Parties' best efforts, this Agreement should fail to become effective, the Parties will return to their prior positions in this Action.

The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Settlement Class Member in, any other proceedings against any of the Released Parties which challenges the Settlement or otherwise asserts or involves, directly or indirectly, a Released Claim.

### 18.17 Notices

Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by certified or guaranteed overnight mail, and email to:

a.      If to Plaintiffs or Class Counsel:

Jonathan Shub
Shub Law Firm LLC

134 Kings Hwy. E., 2nd Floor
Haddonfield, NJ 08033

b.      If to Verde or its Counsel:

Kevin P. Allen
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

## 18.18  Good Faith

The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Agreement.  The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of this Agreement.

## 18.19  Protective Orders

All orders, settlement agreements and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents.

## 18.20  Confidentiality

The terms of this Agreement shall remain confidential until filed in the United States District Court for the Northern District of Illinois.

## 18.21  Binding on Successors

The Agreement shall be binding upon, and inure to the benefit of, the heirs, and Released Parties.

## 18.22  Arms-Length Negotiations

The determination of the terms and conditions contained herein and the drafting of the

provisions of this Agreement has been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel. This Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Parties agree that the drafting of this Agreement has been a mutual undertaking.

### 18.23 Waiver

The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

### 18.24 Exhibits

All Exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

### 18.25 Retain Jurisdiction

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the agreements embodied in this Agreement.

### 18.26 Taxes

The Plaintiffs, Settlement Class Members, and Class Counsel receiving funds pursuant to this Agreement shall be solely responsible for filing all information and other tax returns necessary or making any tax payments related to funds received pursuant to this Agreement. The Parties provide no legal advice and make no representations to the Plaintiffs, Settlement Class Members, or Class Counsel regarding the legal or tax consequences of this agreement,

including any benefit or monies paid and received. The Plaintiffs, Settlement Class Members, and Class Counsel shall be solely responsible for any tax or legal consequences for any Benefit paid and/or received pursuant to this Agreement.

### 18.27 Media and Contact of Class Members

The Parties and their counsel agree that they will not issue any press release or hold any press conference or initiate any contact with the press, media, or any industry association about the Action and/or the facts, amount or terms of the Settlement. If the Parties or their counsel are contacted by the press, media, or any industry association, they will respond only that the Action has been amicably resolved to the Parties' mutual satisfaction. No Party or their counsel shall make any reference to the value of the Settlement on any website, in any promotional material or otherwise, except as required by law. Notwithstanding the foregoing, Class Counsel may post a copy of language from the notices attached to this Agreement as Exhibits B and C and provide a hyperlink to the Settlement Website.

### 18.28 Support from the Parties

After a full investigation, discovery and arms-length negotiations, the Parties and their counsel agree that they: (a) shall support motions for entry of the Preliminary Approval Order and Final Approval Order; and (b) will not encourage any Persons to Opt-Out or file an Objection to the Settlement or this Agreement.

### 18.29 Authority to Execute Settlement Agreement

Each counsel executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

*       *       *

IN WITNESS HEREOF, the Settling Parties have caused this Settlement Agreement

to be executed by their duly authorized attorneys, as of June 18, 2021.

*(Signature pages follow)*

## ON BEHALF OF THE VERDE DEFENDANTS

_____  Date: _____

**KEVIN P. ALLEN**

## ON BEHALF OF PLAINTIFFS

_____  Date: _____6/16/2021_____
**JONATHAN SHUB**

_____  Date: _____6/17/2021_____
**DANIEL K. BRYSON**

_____  Date: _____6/16/2021_____
**JEFFREY S. GOLDENBERG**

_____  Date: _____6/16/2021_____
**EDWARD A. WALLACE**

_____  Date: _____6/17/2021_____
**JASON M. LEVITON**

_____  Date: _____6/16/2021_____
**JASON T. BROWN**

_____  Date: _____6/17/2021_____
**D. GREG BLANKINSHIP**

_____  Date: _____6/16/2021_____
**AARTHI MANOHAR**

## ON BEHALF OF THE VERDE DEFENDANTS

_____ Date: _____
**KEVIN P. ALLEN**

6/17/2021

## ON BEHALF OF PLAINTIFFS

_____ Date: _____
**JONATHAN SHUB**

_____ Date: _____
**DANIEL K. BRYSON**

_____ Date: _____
**JEFFREY S. GOLDENBERG**

_____ Date: _____
**EDWARD A. WALLACE**

_____ Date: _____
**JASON M. LEVITON**

_____ Date: _____
**JASON T. BROWN**

_____ Date: _____
**D. GREG BLANKINSHIP**

_____ Date: _____
**AARTHI MANOHAR**

# EXHIBIT A

# CLAIM FORM

**Unique ID: <<Unique ID>>**

**Claim Submission Deadline: XX/XX/XX**

Instructions:

- You <u>must</u> provide all of the information requested in order for your claim to be accepted.
- The name provided on this form <u>must</u> match the name in the Verde Defendants' records for an account that is included in the Settlement Class.
- CLAIM FORMS MUST BE RECEIVED BY **MONTH DAY, YEAR**. LATE FILED CLAIMS ARE SUBJECT TO BE DEEMED INVALID AND DENIED.
- Completed claims must be received at the following address by the Claim Submission Deadline:

    *Mercado, et al. v. Verde Energy USA, Inc., et al.*
    P.O. Box 6480
    Beaverton, OR 97228-6480

**Name:** [Name pre-populated from data on postcards and on website]

**Mailing Address:**

**City:**                                                    **State:**        **ZIP Code:**

**Email Address:**

**Utility Account Number** (if unavailable, leave blank):

☐ I wish to participate in the class action settlement in *Mercado, et al. v. Verde Energy USA, Inc., et al.,* Case No. 1:18-cv-02068 (N.D. Ill.). I declare under penalty of perjury the following: I enrolled in one of the Verde Defendant's variable rate electricity plans in connection with a property located in New Jersey from January 21, 2012 through October 31, 2015, within Illinois from January 31, 2008 through October 31, 2015, within New York from January 21, 2014 through October 31, 2015, within Ohio from June 24, 2012 through October 31, 2015, within Massachusetts from April 17, 2013 through October 31, 2015, or within Pennsylvania from January 1, 2012 through October 31, 2015, or became a Verde Energy USA, Inc. variable rate electricity plan customer in Pennsylvania beginning in 2018 following a transfer from Oasis Power, LLC. I did not have my account balance discharged due to bankruptcy or receivership; I acknowledge that the submission of this Claim Form waives my right to opt-out of the Settlement; and I have the legal authority to submit this Claim.

5.26

_____     _____
(Signature)                         (Date)

# EXHIBIT B

## (POSTCARD)

*Mercado, et al. v. Verde Energy USA, Inc., et al.*
Settlement Administrator
P.O. Box 6480
Portland, OR 97228-6480

*Mercado, et al. v. Verde Energy USA, Inc., et al.,*
1:18-cv-02068 (N.D. Ill.)

**If you enrolled in one of Verde's variable
rate electricity plans in connection
with property located in New Jersey,
Illinois, New York, Ohio, Massachusetts,
or Pennsylvania, you may be entitled
to payment from a Class Action
Settlement.In order to obtain a
Benefit from the Settlement, you
must file a Claim Form online at
www.VariableRateEnergySettlement.com
or return the attached form by XXXXX.**

A Court has authorized this Notice.
This is <u>not</u> a solicitation from a lawyer.

Your Unique ID Number:
<<XXXXXXXXXXX>>

<<MAIL ID>>

<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<CITY>> <<ST>> <<ZIP>>
<<COUNTRY>>

*Mercado, et al. v. Verde Energy USA, Inc., et al.* **Claim Form**    Unique ID Number: XXXXXXXXXX

Name:

[Prepopulated with Class Member name]

\*Address:

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

\*City:

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

\*State:

| | |
|---|---|

\*ZIP Code:

| | | | | |
|---|---|---|---|---|

\*Email Address (you must provide your email address:

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Utility Account Number (if unavailable, leave blank):

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

I wish to participate in the class action settlement in *Mercado, et al. v. Verde Energy USA, Inc., et al.*, Case No. 1:18-cv-02068 (N.D. Ill.). I declare under penalty of perjury the following:

I enrolled in one of the Verde variable rate electricity plans in connection with a property located in New Jersey, Illinois, New York, Ohio, Massachusetts, or Pennsylvania during the specific class period for that state, or became a Verde variable rate electricity plan customer in Pennsylvania beginning in 2018 following a transfer from Oasis Power, LLC. I did not have my account balance discharged due to bankruptcy or receivership; I acknowledge that the submission of this Claim Form waives my right to opt-out of the Settlement; and I have the legal authority to submit this Claim.

\*Signature:

\*Date (MM/DD/YY):

| | | | | | |
|---|---|---|---|---|---|

<<MAIL ID>>

This Notice informs you of a proposed Settlement in a class action lawsuit against Verde Energy USA, Inc., Verde Energy, USA Ohio, LLC, Verde Energy, USA Massachusetts, LLC, and/or Verde Energy, USA New York, LLC (referred to as "Verde" or "Defendants") claiming that Defendants solicited customers by promising a variable rate for energy that was to fluctuate based on market conditions, and that the rate was allegedly not priced in accordance with market conditions. Plaintiffs maintain that Defendants' actions constitute violations of various states' consumer protection laws, as well as other laws. Defendants deny Plaintiffs' claims and charges, deny that they violated any laws, and maintain that their actions have been in accordance with their contractual commitments and not deceptive. Both parties have agreed to settle the lawsuit. A complete copy of the Settlement Agreement and Long Form Notice are available at www.VariableRateEnergySettlement.com.

**Who is included?** You are a Class Member if you enrolled in one of Verde's variable rate electricity plans in connection with a property located in New Jersey from 1/21/2012-10/31/2015, Illinois from 1/31/2008-10/31/2015, New York from 1/21/2014-10/31/2015, Ohio from 6/24/2012-10/31/2015, Massachusetts from 4/17/2013-10/31/2015, and Pennsylvania from 1/1/2012-10/31/2015, or became a Verde variable rate electricity plan customer in Pennsylvania beginning in 2018 following a transfer from Oasis Power, LLC. Visit the Settlement Website for additional details.

**What does the Settlement provide?** If the Settlement is approved by the Court, Verde will pay $7,000,000.00 into a Settlement Fund to be used to pay cash distributions to Settlement Class Members, payment of fees and expenses incurred by the Settlement Administrator, awarded attorneys' fees and expenses, and Named Plaintiff Enhancement Awards for the Class Representatives. If you are a Settlement Class Member, you <u>must</u> submit a valid and timely Claim Form online at www.VariableRateEnergySettlement.com or by returning the attached form in order to receive a cash benefit. Your completed Claim Form must be postmarked and mailed to the Settlement Administrator or electronically submitted by 11:59 pm on **XXXXX**.

**What are your options?** If you don't want to receive a payment and don't want to be bound by the Settlement and any judgment, you must send a written request to exclude yourself from the Settlement Class, to be received no later than **XXXXXX**. If you exclude yourself, you will not receive benefits from the Settlement. If you don't exclude yourself, you will give up the right to sue the Defendants about any of the issues related to this case. If you don't exclude yourself, you may object to the Settlement, the request for fees and costs by Class Counsel, and/or the Enhancement Awards for the Named Plaintiffs. The Long Form Notice, available at www.VariableRateEnergySettlement.com, explains how to exclude yourself or object. The Court will hold a Final Approval Hearing regarding the final approval of the Settlement in this case at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 on **XXXXX** at XXXXX. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. Plaintiffs and the Settlement Class are represented by Class Counsel. You will not be charged personally for these lawyers. You do not need to attend the hearing, but you may. You may also hire an attorney at your own expense to represent you and speak on your behalf at the Final Approval Hearing, but you do not have to. The date and time of the Hearing may change, please check the Settlement website often for updates.

---

**www.VariableRateEnergySettlement.com • 1-855-535-1866**

PLACE
STAMP
HERE

*MERCADO, ET AL. V. VERDE ENERGY USA, INC., ET AL.*
SETTLEMENT ADMINISTRATOR
P.O. BOX 6480
PORTLAND, OR 97228-6480

# EXHIBIT B

## (EMAIL)

## **Email Notice**

<u>Legal Notice</u>

If you enrolled in one of Verde Defendant's variable rate electricity plans in connection with property located in New Jersey, Illinois, New York, Ohio, Massachusetts, and Pennsylvania, you may be entitled to payment from a Class Action Settlement.

**In order to obtain a Benefit from the Settlement, you must <u>file a Claim Form</u> by <mark>XXXXX</mark>. Claim Forms can be submitted electronically on the Settlement Website <u>here</u>. You may also submit a Claim Form by mail. To request a Claim Form be sent to you call 1-855-535-1866 or visit <u>www.VariableRateEnergySettlement.com</u>.**

*A Court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

This Notice informs you of a proposed Settlement in a class action lawsuit against Verde Energy USA, Inc., Verde Energy, USA Ohio, LLC, Verde Energy, USA Massachusetts, LLC, and/or Verde Energy, USA New York, LLC (referred to as "Verde" or "Defendants") claiming that Defendants solicited customers by promising a variable rate for energy that was to fluctuate based on market conditions, and that the rate was allegedly not priced in accordance with market conditions. Plaintiffs maintain that Defendants' actions constitute violations of various states' consumer protection laws, as well as other laws. Defendants deny Plaintiffs' claims and charges, deny that they violated any laws, and maintain that their actions have been in accordance with their contractual commitments and not deceptive. Both parties have agreed to settle the lawsuit. A complete copy of the Settlement Agreement and a longer form of this Notice are available at the Settlement Website <u>here</u>.

**Who's included?** You are a Class Member if you enrolled in one of Verde's variable rate electricity plans in connection with a property located in New Jersey from January 21, 2012 through October 31, 2015, Illinois from January 31, 2008 through October 31, 2015, New York from January 21, 2014 through October 31, 2015, Ohio from June 24, 2012 through October 31, 2015, Massachusetts from April 17, 2013 through October 31, 2015, and Pennsylvania from January 1, 2012 through October 31, 2015, or became a Verde Energy USA, Inc. variable rate electricity plan customer in Pennsylvania beginning in 2018 following a transfer from Oasis Power, LLC. Visit the Settlement Website <u>here</u> for additional details.

**What does the Settlement provide?** If the Settlement is approved by the Court, Verde will pay $7,000,000.00 into a Settlement Fund to be used to pay cash distributions to Settlement Class Members, payment of fees and expenses incurred by the Settlement Administrator, awarded attorneys' fees and expenses, and Named Plaintiff Enhancement Awards for the Class Representatives.

**Do I have a lawyer?** Plaintiff and the Settlement Class are represented by Jonathan Shub and Kevin Laukaitis of Shub Law Firm LLC, Melissa K. Sims, Daniel K. Bryson, and Harper T. Segui of Milberg Coleman Bryson Phillips & Grossman, PLLC, Edward A. Wallace of Wexler Wallace LLP, Jeffrey S. Goldenberg of Goldenberg Schneider, LPA, Jason M. Leviton of Block & Leviton LLP, D. Greg Blankinship of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Jason T. Brown of Brown, LLC, and Aarthi Manohar of Kohn, Swift & Graf, P.C., who have been appointed by the Court as Class Counsel. You will not be charged personally for these lawyers. You may hire an attorney at your own expense to represent you and speak on your behalf at the Final Approval Hearing. Class Counsel will ask the Court at the Final Approval Hearing for approval for the following items to be paid out of the Settlement Fund: (a) attorneys' fees; reimbursement of litigation expenses; Named Plaintiff Service Awards; and notice and administration costs of.

**What can I get from the Settlement?** If you are a Settlement Class Member, you must submit a valid and timely Claim Form online <u>here</u> in order to receive a cash benefit. You may also submit a Claim Form by mail. To request a Claim Form be sent to you call 1-855-535-1866 or visit

www.VariableRateEnergySettlement.com.  Your completed Claim Form must be postmarked and mailed to the Settlement Administrator or electronically submitted by 11:59 pm on XXXXX.

**What are your options?**  If you don't want to receive a payment and don't want to be bound by the Settlement and any judgment, you must send a written request to exclude yourself from the Settlement Class, to be received no later than XXXXXX. If you exclude yourself, you will not receive benefits from the Settlement. If you don't exclude yourself, you will give up the right to sue the Defendants about any of the issues related to this case. If you don't exclude yourself, you may object to the Settlement, the request for fees and costs by Class Counsel, and/or the Enhancement Awards for the Named Plaintiffs. The longer form of this Notice, available at here, explains how to exclude yourself or object. The Court will hold a Final Approval Hearing regarding the final approval of the Settlement in this case at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 on XXXXX at XXXXX. Plaintiffs and the Settlement Class are represented by Class Counsel. You do not need to attend the hearing, but you may. You may also hire an attorney at your own expense to represent you and speak on your behalf at the Final Approval Hearing, but you do not have to. The date and time of the Hearing may change, please check the Settlement website often for updates.

Toll-Free: 1-855-535-1866
www.VariableRateEnergySettlement.com

# EXHIBIT C

## <u>Notice of Pendency and Proposed Settlement of Class Action</u>

This Notice is to inform you of a proposed settlement of a class action lawsuit that will resolve claims against Verde Energy USA, Inc., Verde Energy, USA Ohio, LLC, Verde Energy, USA Massachusetts, LLC, and Verde Energy, USA New York, LLC (referred to as "Verde" or "Defendants"). If you enrolled in one of Verde's variable rate electricity plans in connection with property located in Illinois from January 31, 2008 through October 31, 2015, in New Jersey from January 21, 2012 through October 31, 2015, in New York from January 21, 2014 through October 31, 2015, in Ohio from June 24, 2012 through October 31, 2015, in Massachusetts from April 17, 2013 through October 31, 2015, or in Pennsylvania from January 1, 2012 through October 31, 2015, or if you became a Verde Energy USA, Inc. variable rate electricity plan customer in Pennsylvania beginning in 2018 following a transfer from Oasis Power, LLC, **your legal rights may be affected by the Settlement**.

**This Notice is given to you pursuant to Rule 23 of the Federal Rules of Civil Procedure. Please review this document carefully.**

**<u>You are not being sued</u>.**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | If you do nothing, you will be bound by the Settlement, if it is approved. |
| EXCLUDE YOURSELF | Write to the Settlement Administrator if you do not want to benefit from, or be bound by, the Settlement. The deadline to exclude yourself is MONTH DAY, 20XX. |
| OBJECT | File an objection with the Court if you are not satisfied with the Settlement. The deadline to object to the Settlement is MONTH DAY, 20XX. |
| GO TO A HEARING | If you file an objection and a notice of intent to appear, you may speak in Court about the fairness of the Settlement. The Final Approval Hearing will be held on MONTH DAY, 20XX. |
| MAKE A CLAIM | Make a claim for benefits under the Settlement. The deadline to make a claim is MONTH DAY, 20XX. |

Your legal rights and options--**and the deadlines to exercise them**--are explained in this Notice. Your legal rights may be affected whether you act or do not act. Please read this Notice carefully. Capitalized terms in this Notice have the same meaning as provided in the Settlement Agreement on file with the Court.

### 1. Why did the Court issue this notice?

This Notice is given to inform you that (1) a class action lawsuit is pending in the United States District Court for the Northern District of Illinois entitled *Mercado, et al. v. Verde Energy USA, Inc., et al.*, 1:18-cv-02068 (N.D. Ill.) (the "Action"); (2) you may be a Class Member regarding

the Action; (3) the Parties to the Action have proposed to settle the Action; (4) the proposed Settlement may affect your legal rights; and (5) you have a number of options.

## 2. What is this Action about?

Plaintiffs have brought this action against Verde, on behalf of themselves and all other persons who enrolled in one of Verde's variable rate electricity plans in connection with property located within Massachusetts from April 17, 2013 through October 31, 2015 within New York from January 21, 2014 through October 31, 2015, within Illinois from January 31, 2008 through October 31, 2015, within New Jersey from January 21, 2012 through October 31, 2015, within Ohio from June 24, 2012 through October 31, 2015, and within Pennsylvania from January 1, 2012 through October 31, 2015, or if you became a Verde Energy USA, Inc. variable rate electricity plan customer in Pennsylvania beginning in 2018 following a transfer from Oasis Power, LLC (the "Class Period").

Plaintiffs allege that Defendants promised to charge customers a variable rate for energy that was to fluctuate based on market conditions, and that the rate charged was allegedly not priced in accordance with market conditions. Plaintiffs maintain that Defendants' actions constitute violations of various states' consumer protection laws, as well as other laws.

Defendants deny Plaintiffs' claims and charges, deny they have violated any laws, and maintain that their actions were in accordance with their contractual commitments and not deceptive.

This settlement resolves the following Actions, as well as those actions that could have been filed in Illinois, New Jersey, Massachusetts, New York, Ohio, and Pennsylvania, including *Mercado v. Verde Energy USA, Inc.,* Dkt. No. 1:18-cv-02068 (N.D. Ill.); *Marshall v. Verde Energy USA, Inc.,* Dkt. No. 2:18-cv-01344-JMV-JBC (D.N.J.); *Davis v. Verde Energy USA, Inc.*, Dkt. No. 1:19-cv-10741-MLW (D. Mass.); *LaQua v. Verde Energy USA New York, LLC*, Dkt. No. 1:20-cv-00326 (E.D.N.Y.); *Abbate v. Verde Energy USA Ohio, LLC*, Dkt. No. 2:20-cv-03196 (S.D. Ohio); *Panzer v. Verde Energy USA, Inc., et. al.*, Dkt. No. 2:19-cv-03598-TJS (E.D. Pa.).

## 3. How do I know if I am part of the Settlement Class?

The Court has conditionally certified a Settlement Class defined as the following:

All individual residential consumers who enrolled (either initially or though "rolling over" from a fixed rate plan) in a variable rate electricity plan provided by any of the Verde Defendants or were otherwise charged a variable rate for electricity by any of the Verde Defendants in connection with property located within Massachusetts from April 17, 2013 through October 31, 2015, within New York from January 21, 2014 through October 31, 2015, within Illinois from January 31, 2008 through October 31, 2015, within New Jersey from January 21, 2012 through October 31, 2015, within Ohio from June 24, 2012 through October 31, 2015, and within Pennsylvania from January 1, 2012 through October 31, 2015, plus those customers in Pennsylvania who became Verde Energy USA, Inc. variable rate electricity plan customers beginning in 2018 following a transfer of their customer relationships with Oasis Power, LLC excluding, in all instances, persons whose only contract

with Verde contained a "Governing Law and Arbitration" clause.

Also excluded from the class are: (a) the Verde Defendants; (b) the officers, directors, and employees of the Verde Defendants; (c) any entity in which the Verde Defendants have a controlling interest; (d) any affiliate or legal representative of the Verde Defendants; (e) the Judge to whom the Action is assigned, the Judge's staff and any member of their immediate family; and (f) any heirs assigns and/or successors of any such persons or entities in their capacity as such.

## 4. What are the reasons for the Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Instead, both sides agreed to a settlement that they believe is a fair, reasonable, and adequate compromise of their respective positions. The Parties reached this agreement only after extensive negotiations, an exchange of information, and consideration of the risks and benefits of settlement.

Counsel for Plaintiffs and the Settlement Class Members have considered the substantial benefits from the proposed Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk that a trial could end in a verdict for Defendants. They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals and the risk that a class would not be certified. Even if Plaintiffs were successful in these efforts, Settlement Class Members may not receive any benefits for years.

**BENEFITS.** If the proposed Settlement is ultimately approved by the Court, it will provide cash payments to the Settlement Class Members. In return for the relief described below, the Settlement Class Members release their rights to pursue any claims against Verde and related entities concerning or relating to the allegations raised in the Action. The central provisions of the Settlement are as follows:

> **Monetary Relief.** Defendants will pay a total of $7,000,000 into a cash fund ("Settlement Fund"). The Settlement Fund will be used to pay (i) Settlement Class Members' cash benefits, (ii) awarded attorneys' fees and expenses, (iii) the Named Plaintiff Enhancement Awards, and (iv) all settlement administration feed and costs, and notice costs.

> Each Settlement Class Member who files a valid claim shall receive a *pro-rata* share of the Net Settlement Fund. That pro-rata share shall be based on the Settlement Class Member's proportional kWh usage during the Class Period of the aggregate kWh variable rate energy consumed by all Class Members during the Class Period.

**NOTICE AND ADMINISTRATION.** The costs of Notice and to administer the Settlement will be paid out of the Settlement Fund.

**CLAIM PROCEDURE.** To receive a cash payment, Settlement Class Members must complete, sign, and submit a Claim Form ON OR BEFORE [180 Days After Commencement of the Notice

Plan]. The Claim Form may be filed online or by U.S. mail. Please review the claim form for more information.

**You may visit www.VariableRateEnergySettlement.com to file your claim online or obtain a claim form by calling 1-855-535-1866.**

You can also obtain a Claim Form by letter request. *Mercado, et al. v. Verde Energy USA, Inc., et al.,* Settlement Administrator, P.O. Box 6480, Portland, OR 97228-6480.

**RELEASE.** Unless you exclude yourself from the Settlement Class, approval of this proposed Settlement will result in a release by you of all Claims against Defendants and other related entities and individuals concerning or relating to the allegations or claims raised in the Action.

**MORE INFORMATION.** The complete terms of the Settlement are in the Settlement Agreement, which is available online at www.VariableRateEnergySettlement.com.

## 6. Do I have a lawyer in the case?

Plaintiffs and the Settlement Class are represented by Jonathan Shub and Kevin Laukaitis of Shub Law Firm LLC, who have been appointed as Lead Class Counsel. Melissa K. Sims, Daniel K. Bryson, and Harper T. Segui of Milberg Coleman Bryson Phillips & Grossman, PLLC, Edward A. Wallace of Wexler Wallace LLP, Jeffrey S. Goldenberg of Goldenberg Schneider, LPA, Jason M. Leviton of Block & Leviton LLP, D. Greg Blankinship of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Jason T. Brown of Brown, LLC, and Aarthi Manohar of Kohn, Swift & Graf, P.C., have been appointed by the Court as Class Counsel. You will not be charged personally for these lawyers. You may hire an attorney at your own expense to represent you and speak on your behalf at the Final Approval Hearing.

## 7. How will the lawyers for the Settlement Class be paid?

Lead Class Counsel and Class Counsel will, subject to Court approval, make an application for attorneys' fees not to exceed 33 1/3% of the Settlement Fund, plus reimbursement of expenses. Further, the Class Representatives will request the Court to grant Enhancement Awards up to $25,000 to Tracey Mercado, $7,500 to Ray Marshall, and $5,000 to Melissa Davis, Jermina LaQua, Michael Abbate, Tom Riley, and Scott Panzer, as further described in the Settlement Agreement. Defendants take no position on the requested attorneys' fees, and expenses, but reserve its right to oppose Enhancement Awards either in total or the amounts requested for one or more Class Representatives.

Class Counsel will file any motion for an award of Class Counsel's Fees on or before [Date of set by the Court].

## 8. What happens if I do nothing after receiving this notice?

If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement and will be unable to pursue claims against Verde and other related entities concerning or relating to the allegations or claims raised in the Action.

As long as you do not request exclusion from the Settlement Class, you may be entitled to the payments described in Section 5 if you submit a Valid Claim.

**You must complete and submit a Claim Form no later than [180 Days After Commencement of the Notice Plan]**, or your claim will not be considered and will be rejected.

## 9. What does it mean to request exclusion from the Settlement Class?

If you come within the Settlement Class definition, you will be a Settlement Class Member and will be bound by the Settlement if the Court approves the Settlement, unless you exclude yourself from the Settlement Class (also known as "Opting-Out"). Being "bound by the Settlement" means that you will be precluded from bringing, or participating as a claimant in, a similar lawsuit. Persons who exclude themselves from the Settlement Class will not be bound by the terms of the proposed Settlement for purposes of damages claims and will not be eligible to receive any money from the proposed Settlement, but they will retain the right to sue Defendants for damages, at their own cost.

You cannot exclude yourself from the Settlement Class and the proposed Settlement if you wish to object to the Settlement and/or appear before the Court during the Final Approval Hearing (see Sections 11 and 12), as you need to be a Settlement Class Member affected by the Settlement to object or appear.

## 10. How do I request exclusion?

You may exclude yourself from the Settlement Class provided that your request for exclusion is made in writing and *delivered* before [**60 Days after Notice Plan**]. To exclude yourself, you can download an exclusion form available at www.VariableRateEnergySettlement.com or send a letter that includes (a) the signature of the Settlement Class Member requesting exclusion from the Settlement, (b) the full name, address, and phone number(s) of the Settlement Class Member requesting exclusion, and (c) include the following statement (or a functional equivalent): "I/We request to Opt-Out from the Settlement in the Action." Your written request to exclude yourself from the Settlement must be sent to the *Mercado, et al. v. Verde Energy USA, Inc., et al.,* Settlement Administrator at P.O. Box 6480, Portland, OR 97228-6480.

You will be excluded from the Settlement only if your request is *delivered* on or before [**60 Days after Notice Plan**], and includes the required information. Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified, shall be bound by all terms of the proposed Settlement and any related Final Order and Judgment, regardless of whether they have requested exclusion from the proposed Settlement.

In determining whether you want to exclude yourself from the Settlement, you are advised to consult your own personal attorney, as there may be issues particular to your circumstances that require consideration.

## 11. What if I do not like the Settlement?

If you are a Settlement Class Member, you can object to the proposed Settlement. To object, you must provide the following information in writing: (a) documents establishing, or providing information sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (b) a statement of such Settlement Class Member's specific Objection; (c) the grounds for the Objection; (d) identification of any documents such objector desires the Court to consider; (e) all information requested on the Claim Form; and (f) a list of all other objections submitted by the objector, objector's counsel to any class action settlement submitted in any court in the United States in the previous five years (if the objecting Settlement Class Member or his/her or its counsel has not objected to any class settlement in the United States in the past five years, then a statement to this effect must be affirmatively stated).

Your objection must be *delivered* before **[60 Days after Notice Plan]** to the Settlement Administrator at P.O. Box 6480, Portland, OR 97228-6480, and served on Class Counsel and on Counsel for Verde.

If your objections do not meet all of the requirements set forth in this section, they will be deemed invalid and will be overruled.

Finally, subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Named Plaintiff Enhancement Awards, and reimbursement of reasonable litigation costs and expenses. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon Class Counsel and Counsel for Verde (at the addresses listed below), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before **[60 Days after Notice Plan]**.

When required to mail counsel for the Parties, use the below addresses:

1. Plaintiffs: Jonathan Shub, Shub Law Firm LLC, 134 Kings Hwy. E., 2nd Floor, Haddonfield, NJ 08033.

2. Defendants: Kevin P. Allen, ECKERT SEAMANS CHERIN & MELLOTT, LLC, 600 Grant Street, 44th Floor, Pittsburgh, PA 15219.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in this Notice, will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

## 12. When and where will the Court determine whether to approve the settlement?

The Court has scheduled a Final Approval Hearing for **[Final Approval Hearing Date]** at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 on **XXXXX at XXXXX.** This hearing may be continued or rescheduled by the Court without further notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and will consider Class Counsel's request for attorneys' fees and expenses. The Court also will consider objections. The Court may decide these issues at the Final Approval Hearing or take them under consideration. We do not know how long these decisions will take.

## 13. Do I have to come to the hearing?

No. You are not required to come to the hearing, but you are welcome to come at your own expense. The hearing may be in person or via video conference, subject to the Court's order.

Settlement Class Members who object to the proposed Settlement do not need to attend the Final Approval Hearing for their objections to be considered. If you wish to appear either personally or through your own personal attorney at the Final Approval Hearing, you must send both a timely objection and a Notice of Intention to Appear to the Clerk of the Court at the address set forth in Section 11 above, and serve copies on Class Counsel and counsel for Defendants at the addresses set forth in Section 11 above no later than **[60 Days after Notice Plan]**.

## 14. What if the proposed Settlement is not approved?

If the proposed Settlement is not granted final approval, the putative Settlement Class which has been preliminarily approved will be decertified, the Action will proceed without further notice, and none of the agreements set forth in this notice will be valid or enforceable.

## 15. How do I get more information about the settlement?

This Notice only summarizes the Settlement. The official terms of the Settlement are available by visiting the Settlement Website at www.VariableRateEnergySettlement.com, reviewing the public files at the Clerk of Court, Northern District of Illinois, 60604 or by calling 1-855-535-1866 and requesting a copy of the Settlement Agreement. In the event of a conflict between the terms of this Notice and the Settlement, the terms of the Settlement will govern.

All questions you may have concerning the Settlement Agreement or this Notice should be directed to *Mercado, et al. v. Verde Energy USA, Inc., et al.,* Settlement Administrator at P.O. Box 6480, Portland, OR 97228-6480.

**Please DO NOT Contact the Court**

5.26

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRACEY MERCADO, MELISSA DAVIS, RAY MARSHALL, JERMINA LAQUA, MICHAEL ABBATE, TOM RILEY, and SCOTT PANZER, individually and on behalf of all others similarly situated, | Case No.: 1:18−cv−02068 |
| | Honorable Joan B. Gottschall |
| Plaintiffs, | |
| v. | |
| VERDE ENERGY USA, INC., VERDE ENERGY, USA OHIO, LLC, VERDE ENERGY, USA MASSACHUSETTS, LLC, and VERDE ENERGY, USA NEW YORK, LLC, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the parties seek entry of an Order preliminarily approving the settlement of this Action pursuant to the settlement agreement fully executed on June 18, 2021 (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval and accompanying exhibits dated June 18, 2021;

**NOW, THEREFORE, IT IS ON THIS __ DAY OF ___, 2021, ORDERED THAT:**

1.     This Order incorporates by reference the definitions in the Settlement, and all terms used in this Order shall have the same meanings as set forth in the Settlement.

2.     The Court preliminarily approves the Settlement as being a fair, reasonable, and adequate resolution of the claims of Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All individual residential consumers who enrolled (either initially or though "rolling over" from a fixed rate plan) or were otherwise customers in or parties to a Verde Energy USA, Inc., Verde Energy USA Massachusetts, LLC, Verde Energy USA New York, LLC, or Verde Energy USA Ohio, LLC (the "Verde Defendants") variable rate electricity plan in connection with property located within Massachusetts from April 17, 2013 through October 31, 2015, within New York from January 21, 2014 through October 31, 2015, within Illinois from January 31, 2008 through October 31, 2015, within New Jersey from January 21, 2012 through October 31, 2015, within Ohio from June 24, 2012 through October 31, 2015, and within Pennsylvania from January 1, 2012 through October 31, 2015, plus those customers in Pennsylvania who became Verde Energy USA, Inc. variable rate electricity plan customers beginning in 2018 following a transfer of their customer relationships with Oasis Power, LLC excluding, in all instances, persons whose only contract with Verde contained a "Governing Law and Arbitration" clause.  Also excluded from the Settlement Class are: (a) Verde Defendants; (b) the officers, directors, and employees of Verde Defendants; (c)

any entity in which the Verde Defendants have a controlling interest; (d) any affiliate or legal representative of the Verde Defendants; (e) the Judge to whom the Action is assigned, the Judge's staff and any member of their immediate family; and (f) any heirs assigns and/or successors of any such persons or entities in their capacity as such.

4.      The Court appoints Jonathan Shub and Kevin Laukaitis of Shub Law Firm LLC as Lead Class Counsel and Melissa K. Sims, Daniel K. Bryson, and Harper T. Segui of Milberg Coleman Bryson Phillips & Grossman, PLLC, Edward A. Wallace of Wexler Wallace LLP, Jeffrey S. Goldenberg of Goldenberg Schneider, LPA, Jason M. Leviton of Block & Leviton LLP, D. Greg Blankinship of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Jason T. Brown of Brown, LLC, and Aarthi Manohar of Kohn, Swift & Graf, P.C as Class Counsel.

5.       The Court appoints Plaintiffs Tracey Mercado, Ray Marshall, Jermina LaQua, Michael Abbate, Melissa Davis, Tom Riley, and Scott Panzer as Class Representatives.

6.      The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the  Settlement Class; (d) the Class Representatives and Lead Class Counsel and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the  Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient implementation of the Settlement.  The Court preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks relating to further litigation.  It further appears that extensive and costly investigation, research, and exchanges of information and

data have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of the Settlement, which will avoid substantial additional costs to the Parties and reduce delay and risks associated with this Action. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral.

7. The Court approves the form and content of the Claim Form (Exhibit A to the Settlement Agreement), and the Class Notices (Exhibits B and C to the Settlement Agreement). The Court finds that the emailing and mailing of the Class Notices in the manner set forth in the Settlement, as well as the establishment of a settlement website and toll-free number, is the best notice practicable, constitutes due and sufficient notice to all persons entitled thereto, and satisfies due process. The Court authorizes the Parties to make non-material modifications to the Class Notices and Claim Form prior to publication if they jointly agree that any such changes are appropriate.

8. The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Settlement Administrator.

9. The Settlement Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including, but not limited to:

 a. Establishing, maintaining, and administering a toll-free phone number and a website, on or before __, 2021 dedicated to the Settlement which will provide information about the Settlement including all relevant documents and will provide information on how Settlement Class Members may submit their claims by U.S. Mail or through an online portal on the website.

 b. Disseminating Settlement Class Notice on or before ___, 2021 by:

4

    i.   Individual direct email will be sent to all Settlement Class Members for whom the Verde Defendants have an email address on file.

    ii.   For those Settlement Class Members whom the Verde Defendants do not have an email address on file and those emails that are returned as undeliverable, individual direct mail (first class) notice will be sent; and

    iii.   Publication on a website to be established and maintained by the Settlement Administrator.

10. All Notice and Administration Costs approved and reasonably incurred by the Settlement Administrator shall be paid in accordance with the Settlement Agreement and Epiq Services Agreement without further order from the Court.

11. No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Section.

12. Settlement Class Members who wish to participate in the Settlement shall timely and fully complete and submit a Claim Form in accordance with the terms and conditions of the Settlement Agreement, and the Settlement Administrator shall accept and process the Claims as set forth in the Settlement Agreement.

13. If Settlement Class Members do not wish to participate in the Settlement, they may exclude themselves. All requests to be excluded from the Settlement Class, in order to be valid, must (1) be in writing; (2) list the full name, address, and phone number(s) of the Settlement Class Member; (3) be signed by the Settlement Class Member; (4) contain the following statement (or its functional equivalent) that "I request to opt-out from the settlement in the Action"; and (5) be delivered to the Settlement Administrator on or before the Opt-Out Deadline, which is __, 2021.

No Opt-Out request will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against the Verde Defendants.

14.     Any Settlement Class Member who has not previously submitted an Opt-Out request may object to the Settlement.

     a.  In order to be valid, the following information must be provided in the Settlement Class Member's written Objection: (a) documents establishing, or providing information sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (b) a statement of such  Settlement Class Member's specific Objection; (c)  the grounds for the Objection; (d) identification of any documents the objector desires the Court to consider; (e)  all information requested on the Claim Form.  In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other Objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any Court in the United States in the previous five years.  If the Settlement Class Member or his/her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she or their counsel shall affirmatively so state in the Objection.

     b.  All objections must be in writing, sent to the Clerk of this Court, the Settlement Administrator, Lead Class Counsel, and the Verde Defendants' counsel at the

addresses set forth in the Class Notice.  All objections and requests to appear must be postmarked on or before __, 2021.

15.     Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, and/or adequacy of the Settlement and any judgment approving the Settlement.

16.     Any Settlement Class Member who wishes to appear at the Final Approval Hearing shall file a notice of intent to appear on or before __, 2021 if he or she wishes to show good cause why the Settlement should, or should not, be approved as fair, reasonable, and adequate.

17.     Lead Class Counsel and Class Counsel shall file their motion for an award of attorneys' fees, inclusive of costs, expenses, and Named Plaintiff Enhancement Awards by __, 2021.  Any objection or opposition to the motion must be made by __, 2021.  Class Counsel shall file any reply papers by __, 2021. Class Counsel shall file their Final Approval Motion by __, 2021.

18.     The Court hereby schedules the Final Approval Hearing for __, 2021 at [time] in Courtroom 2325 of the United States District Court for the Northern District of New Jersey, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether  Class Counsel's application for attorneys' fees and the Named Plaintiff Enhancement Awards should be approved.  The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

19.     Settlement Class Members shall have one hundred eighty (180) days from the commencement of the Notice Plan to submit Claim Forms.  Claim Forms must be postmarked by that date to be considered timely.

20.     All other deadlines pending in this Action are hereby stayed.

IT IS SO ORDERED:

Dated:  _____

_____
Honorable Joan B. Gottschall
United States District Judge