IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY MERCADO, MELISSA DAVIS, RAY MARSHALL, JERMINA LAQUA, MICHAEL ABBATE, TOM RILEY, and SCOTT PANZER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VERDE ENERGY USA, INC., VERDE ENERGY, USA OHIO, LLC, VERDE ENERGY, USA MASSACHUSETTS, LLC, and VERDE ENERGY, USA NEW YORK, LLC, <br><br> Defendants. | Case No.: 1:18−cv−2068 <br><br> Honorable Joan B. Gottschall |

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the parties seek entry of an Order preliminarily approving the settlement of this Action pursuant to the settlement agreement fully executed on July 9, 2021 (the "Amended Settlement Agreement" or "Settlement"), which, together with the attached exhibits to the Supplemental Declaration of Jonathan Shub, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has considered the Settlement and the exhibits; Plaintiffs' Unopposed Motion for Preliminary Approval and accompanying exhibits dated June 18, 2021; Plaintiffs' Supplemental Statement in Support of its Unopposed Motion for Preliminary Approval of Class Action Settlement; and the revised short-form notice filed August 11, 2021;

**NOW, THEREFORE, IT IS ON THIS 18TH DAY OF AUGUST, 2021, ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement, and all terms used in this Order shall have the same meanings as set forth in the Settlement.

2. The Court preliminarily approves the Settlement as being a fair, reasonable, and adequate resolution of the claims of Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All individual residential consumers who enrolled (either initially or though "rolling over" from a fixed rate plan) or were otherwise customers in or parties to a Verde Energy USA, Inc., Verde Energy USA Massachusetts, LLC, Verde Energy USA New York, LLC, or Verde Energy USA Ohio, LLC (the "Verde Defendants") variable rate electricity plan in connection with property located within Massachusetts from April 17, 2013 through October 31, 2015, within New York from January 21, 2014 through October 31, 2015, within Illinois from January 31, 2008 through October 31, 2015, within New Jersey from January 21, 2012 through October 31, 2015, within Ohio from June 24, 2012 through October 31, 2015, and within Pennsylvania from January 1, 2012 through October 31, 2015, plus those customers in Pennsylvania who became Verde Energy USA, Inc. variable rate electricity plan customers beginning in 2018 following a transfer of their customer relationships with Oasis Power, LLC excluding, in all instances, persons whose only contract with Verde contained a "Governing Law and Arbitration" clause or an "Agreement For Mandatory Arbitration & Class Action."

Also excluded from the Settlement Class are: (a) Verde Defendants; (b) the officers, directors, and employees of Verde Defendants; (c) any entity in which the Verde Defendants have a controlling interest; (d) any affiliate or legal representative of the Verde Defendants; (e) the Judge to whom the Action is assigned, the Judge's staff and any member of their immediate family; and (f) any heirs assigns and/or successors of any such persons or entities in their capacity as such.

4. The Court appoints Jonathan Shub and Kevin Laukaitis of Shub Law Firm LLC as Lead Class Counsel and Melissa K. Sims, Daniel K. Bryson, and Harper T. Segui of Milberg Coleman Bryson Phillips & Grossman, PLLC, Edward A. Wallace of Wexler Wallace LLP, Jeffrey S. Goldenberg of Goldenberg Schneider, LPA, Jason M. Leviton of Block & Leviton LLP, D. Greg Blankinship of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Jason T. Brown of Brown, LLC, and Aarthi Manohar of Kohn, Swift & Graf, P.C as Class Counsel.

5. The Court appoints Plaintiffs Tracey Mercado, Ray Marshall, Jermina LaQua, Michael Abbate, Melissa Davis, Tom Riley, and Scott Panzer as Class Representatives.

6. The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Lead Class Counsel and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient implementation of the Settlement. The Court preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks relating to further litigation. It

further appears at this preliminary stage that extensive and costly investigation, research, and exchanges of information and data have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of the Settlement, which will avoid substantial additional costs to the Parties and reduce delay and risks associated with this Action. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral.

7. The Court approves the form and content of the Claim Form (Exhibit A to the Settlement Agreement), and the Class Notices (Exhibits A-3 and A-4 to the Supplemental Declaration of Jonathan Shub and the revised short-form notice filed August 11, 2021, ECF No. 131). The Court finds that the emailing and mailing of the Class Notices in the manner set forth in the Settlement, as well as the establishment of a settlement website and toll-free number, is likely to be the best notice practicable, constitutes due and sufficient notice to all persons entitled thereto, and satisfies due process. The Court authorizes the Parties to make non-material modifications to the Class Notices and Claim Form prior to publication if they jointly agree that any such changes are appropriate.

8. The Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Settlement Administrator.

9. The Settlement Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including, but not limited to:

    a. Establishing, maintaining, and administering a toll-free phone number and a website, on or before September 8, 2021 dedicated to the Settlement which will provide information about the Settlement including all relevant documents and will

4

provide information on how Settlement Class Members may submit their claims by U.S. Mail or through an online portal on the website.

  b. Disseminating Settlement Class Notice on or before October 2, 2021 by:

    i. First Class mail will be sent to all Settlement Class Members for whom the Verde Defendants have an address on file.

    ii. Email notice will also be sent to those Settlement Class Members for whom the Verde Defendants have an email; and

    iii. Publication on a website to be established and maintained by the Settlement Administrator.

10. All Notice and Administration Costs approved and reasonably incurred by the Settlement Administrator shall be paid in accordance with the Settlement Agreement and Epiq Services Agreement without further order from the Court.

11. No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Section.

12. Settlement Class Members who wish to participate in the Settlement shall timely and fully complete and submit a Claim Form in accordance with the terms and conditions of the Settlement Agreement, and the Settlement Administrator shall accept and process the Claims as set forth in the Settlement Agreement.

13. If Settlement Class Members do not wish to participate in the Settlement, they may exclude themselves. All requests to be excluded from the Settlement Class, in order to be valid, must (1) be in writing; (2) list the full name, address, and phone number(s) of the Settlement Class Member; (3) be signed by the Settlement Class Member; (4) contain the following statement (or

its functional equivalent) that "I request to opt-out from the settlement in the Action"; and (5) be delivered to the Settlement Administrator on or before the Opt-Out Deadline, which is December 1, 2021. No Opt-Out request will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against the Verde Defendants.

14. Any Settlement Class Member who has not previously submitted an Opt-Out request may object to the Settlement.

  a. In order to be valid, the following information must be provided in the Settlement Class Member's written Objection: (a) documents establishing, or providing information sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (b) a statement of such Settlement Class Member's specific Objection; (c) the grounds for the Objection; (d) identification of any documents the objector desires the Court to consider; (e) all information requested on the Claim Form.

  b. All objections must be in writing, sent to the Clerk of this Court, the Settlement Administrator, Lead Class Counsel, and the Verde Defendants' counsel at the addresses set forth in the Class Notice. All objections and requests to appear must be postmarked on or before December 1, 2021. Any Responses to objections are due on or before December 8, 2021.

15. Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from

objecting to the fairness, reasonableness, and/or adequacy of the Settlement and any judgment approving the Settlement.

16. Any Settlement Class Member who wishes to appear at the Final Approval Hearing shall file a notice of intent to appear on or before December 1, 2021 if he or she wishes to show good cause why the Settlement should, or should not, be approved as fair, reasonable, and adequate.

17. Settlement Class Members shall be advised that they need not appear in person to object or comment on the Settlement, and that the Court will provide either telephonic or other electronic means for such an appearance.

18. Lead Class Counsel and Class Counsel shall file their motion for an award of attorneys' fees, inclusive of costs, expenses, and Named Plaintiff Enhancement Awards by November 16, 2021. Any objection or opposition to the motion must be made by November 23, 2021. Class Counsel shall file any reply papers by December 3, 2021. Class Counsel shall also file their Final Approval Motion by November 24, 2021. Plaintiffs' reply papers in support of this motion shall be filed on or before December 10, 2021.

19. The Court hereby schedules the Final Approval Hearing for December 17, 2021 at 10:00 a.m. in Courtroom 2325 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether Class Counsel's application for attorneys' fees and the Named Plaintiff Enhancement Awards should be approved. The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

20. Settlement Class Members shall have one hundred eighty (180) days from the commencement of the Notice Plan to submit Claim Forms. Claim Forms must be postmarked by that date to be considered timely.

21. All other deadlines pending in this Action are hereby stayed.

IT IS SO ORDERED:

Dated: August 18, 2021                                     /s/
                                                  Honorable Joan B. Gottschall
                                                  United States District Judge