IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY MERCADO, MELISSA DAVIS, RAY MARSHALL, JERMINA LAQUA, MICHAEL ABBATE, TOM RILEY, and SCOTT PANZER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>VERDE ENERGY USA, INC., VERDE ENERGY USA OHIO, LLC, VERDE ENERGY USA MASSACHUSETTS, LLC, and VERDE ENERGY USA NEW YORK, LLC,<br><br>    Defendants. | Case No. 1:18-cv-02068<br><br>Honorable Joan B. Gottschall |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND COSTS AND NAMED PLAINTIFFS' ENHANCEMENT AWARDS, AND ENTERING FINAL ORDER AND JUDGMENT**

Named Plaintiffs and Defendants Verde Energy USA, Inc., Verde Energy USA Ohio, LLC, Verde Energy USA Massachusetts, LLC, and Verde Energy USA New York, LLC (collectively "Verde") entered into a Settlement Agreement on or about July 9, 2021 to fully and finally resolve the claims of Named Plaintiffs, on their behalf and on behalf of all persons and entities similarly situated. The Court granted preliminary approval of the Settlement, provisionally approving certification of a nationwide class for settlement. (ECF No. 136).

On December 17, 2021, the Court held a Fairness Hearing on (1) Named Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement (ECF No. 151) and (2) Named Plaintiffs'

Motion for an Award of Attorneys' Fees and Expenses and for Class Representative Enhancement Awards (ECF No. 145). Through the briefs, exhibits, and argument at the Fairness Hearing, the Court has thoroughly examined and considered the Settlement and Settlement Agreement, and the request for Attorneys' Fees and Costs and Enhancement Awards.

Having reviewed the motions and all related pleadings and filings and having also heard the evidence and argument presented at the Fairness Hearing, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

## FINAL ORDER AND JUDGMENT

**<u>Certification of the Class.</u>**

1. The Court certifies, for settlement purposes only, the following class (hereinafter and for purposes of this Final Order and Judgment, the "Class"):

> All individual residential consumers who enrolled (either initially or through "rolling over" from a fixed rate plan) or were otherwise customers in or parties to a Verde Energy USA, Inc., Verde Energy USA Massachusetts, LLC, Verde Energy USA New York, LLC, or Verde Energy USA Ohio, LLC (the "Verde Defendants") variable rate electricity plan in connection with property located within Massachusetts from April 17, 2013 through October 31, 2015, within New York from January 21, 2014 through October 31, 2015, within Illinois from January 31, 2008 through October 31, 2015, within New Jersey from January 21, 2012 through October 31, 2015, within Ohio from June 24, 2012 through October 31, 2015, and within Pennsylvania from January 1, 2012 through October 31, 2015, plus those customers in Pennsylvania who became Verde Energy USA, Inc. variable rate electricity plan customers beginning in 2018 following a transfer of their customer relationships with Oasis Power, LLC excluding, in all instances, persons whose only contract with Verde contained a "Governing Law and Arbitration" clause or an "Agreement For Mandatory Arbitration & Class Action."

2. For the reasons stated in its order granting preliminary approval to the Settlement (ECF No. 136) and summarized below, the Court finds, for purposes of this proposed settlement, that the Class meets the requirements of Rule 23 for certification – numerosity, commonality, typicality, adequacy, and predominance.

3. The Court appoints Lead and Class Counsel and the Named Plaintiffs as counsel and representatives, respectively, for the Class.

**Notice.**

4. The Court affirms the appointment of Epiq Global ("Epiq") as the Settlement Administrator.

5. In accordance with the Settlement Agreement, Epiq launched the Settlement Website and mailed out settlement notices in accordance with the preliminary approval order. (ECF No. 149). Pursuant to this Court's preliminary approval order, Epiq mailed and emailed notice to the Class on October 1, 2021. *Id.* ¶¶ 9-12. Therefore, direct notice was sent and delivered successfully to the vast majority of Class Members. *Id*. ¶ 16.

6. The Class Notice, together with all included and ancillary documents thereto, complied with all the requirements of Rule 23(c)(2)(B) and fairly, accurately, and reasonably informed members of the Class of: (a) appropriate information about the nature of this Litigation, including the class claims, issues, and defenses, and the essential terms of the Settlement Agreement; (b) the definition of the Class; (c) appropriate information about, and means for obtaining additional information regarding, the lawsuit and the Settlement Agreement; (d) appropriate information about, and means for obtaining and submitting, a claim; (e) appropriate information about the right of Class Members to appear through an attorney, as well as the time, manner, and effect of excluding themselves from the Settlement, objecting to the terms of the Settlement Agreement, or objecting to Lead and Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; (f) appropriate information about the consequences of failing to submit a claim or failing to comply with the procedures and deadline for requesting exclusion from, or objecting to, the Settlement; and (g) the binding effect of a class judgment on Class

Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.

7. The Court finds that Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of applicable laws and due process.

8. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice fully satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

**Final Approval of Settlement.**

9. At the Fairness Hearing held on December 17, 2021, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the notice provided to Class Members, considering the pleadings and argument of the parties and their counsel, and the interests of all absent members of the Class.

10. After thoroughly considering the briefing and arguments and considering the factors that must be assessed under Rule 23 and Seventh Circuit precedent, this Court concludes that this Settlement is fair, reasonable, and adequate and grants final approval to the Settlement.

11. Specifically, the Court determines that: (a) the Named Plaintiffs and Lead Class Counsel have adequately protected the Class; (b) the Settlement was negotiated at arm's length; (c) the relief to the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil

Procedure; and (d) the Settlement treats Class Members equitably relative to each other. Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court expressly finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel, including with the aid of respected class action mediator Rodney Max and is non-collusive.

12. The parties have represented to the Court that no other agreements exist in connection with the Settlement other than an agreement that would have allowed Defendants and Lead Counsel to terminate the Settlement in certain defined circumstances that did not occur.

13. Accordingly, the Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Class.

**Implementation of Settlement.**

14. Consistent with the Settlement Agreement, the Settlement Administrator shall provide to members of the Class, upon submission of a valid claim, pursuant to applicable terms set forth in the Settlement Agreement, a *pro rata* share of Settlement Fund, and will be based on his or her proportional share of the kWh usage in relation to the total amount of kWh of energy Class Members used during the Class Period. The Settling Parties shall carry out their respective obligations asstated in the Settlement Agreement.

**Attorneys' Fees And Costs And Named Plaintiffs' Enhancement Awards.**

15. The Court may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Lead Class Counsel and the other Class Counsel working on behalf of the Class maintained daily records of time spent and expenses incurred on behalf of the Class. Lead Class Counsel, on behalf of themselves and Class Counsel, request $2,126,218.87 in attorney's fees

based on 4,240.49 hours worked. This request amounts to less than one-third of the settlement fund.  Having reviewed the motion for fees and supporting documentation and given that no Party or Class Member has opposed or objected to the fee request, the Court finds the fee request supported and reasonable.

16.     Co-Lead Class Counsel also seek reimbursement of $45,106.63 for out-of-pocket costs advanced for the Class. Class Counsel submitted documentation supporting the requested costs, which showed they were appropriate expenditures on behalf of the Class and are of the type recoverable.  The Court approves the request for reimbursement of $45,106.53 in advanced costs.

17.     Lead Class Counsel also request Enhancement Awards of $25,000 to Tracey Mercado, $7,500 to Ray Marshall, and $5,000 each to Melissa Davis, Jermina LaQua, Michael Abbate, Tom Riley, and Scott Panzer for their efforts on behalf of the class. When courts evaluate such awards, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation. Here, Tracey Mercado, the class representative in the Illinois action, refused two offers from Verde earlier in the action because they were not made to all of the Illinois class members. Accepting either of the two offers would have personally benefited her but would have left the Illinois class without a class representative. Similarly, Ray Marshall, the class representative in the New Jersey action, rejected an individual offer made to him by Verde because the offer was not made to the rest of the proposed New Jersey Class. All the other class representatives worked with counsel by investigating the case and providing counsel with bills and documents so that their expert could evaluate the alleged overcharge prior to filing in the respective states.

18. For the reasons stated above, the Court approves Lead and Class Counsel's request for Attorneys' Fees and Costs and for Enhancement Awards. Pursuant to the Settlement Agreement at ¶ 9.4, Lead Class Counsel shall have sole authority to determine the allocation of fees and costs among and between Lead Class Counsel and Class Counsel and shall do so in good faith according to the contributions made in the Action.

**Exclusions from the Class.**

19. The Settlement Administrator has received, from certain members of the Class, requests for exclusion from the Class and has provided Lead Class Counsel and Defendants' counsel copies of those requests. A list of the persons who have timely requested to be excluded from the Settlement has been submitted to the Court. (ECF No. 154), "Supplemental Declaration of Cameron R. Azari, Esq. Regarding Court's December 10, 2021, Minute Order" and (ECF No. 156), "Supplemental Declaration of Cameron R. Azari, Esq. Regarding Court's December 13, 2021, Minute Order." All persons named in the list submitted to the Court as having filed timely requests for exclusions with the Settlement Administrator are excluded from the Class and will not be bound by the terms of the Settlement. Each individual or entity that otherwise falls within the definition of the Class shall be bound by the terms of the Settlement.

**Releases.**

20. In consideration of the Settlement, the Named Plaintiffs and each member of the Class, on behalf of themselves and any other legal or natural persons who may claim by, through, or under them, agree to release the Released Persons, as that term is defined in Section 2.38 of the Amended Class Action Settlement Agreement, from and for any and all claims, liens, demands, actions, causes of action, obligations, damages, punitive damages, treble damages, penalties, rescission, declaratory or injunctive relief, disgorgement,

liabilities, interest, and costs, including attorneys' fees, of any nature or kind whatsoever, that arose or arise at any time through the date of the Preliminary Approval Order, whether legal, equitable or otherwise, whether known or unknown, suspected or unsuspected, existing now or arising in the future, that actually were, or could have been, asserted in the Action regarding the claims alleged by Plaintiffs in the Second Amended Complaint, including, but not limited to, claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, the New Jersey Consumer Fraud Act, the Massachusetts Consumer Protection Act ("Chapter 93A"), the New York General Business Law, the Ohio Consumer Sales Practices Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the Electric Discount and Energy Competition Act, and/or regulations promulgated by the Illinois Commerce Commission, the Massachusetts Department of Public Utilities, the New Jersey Public Utilities Commission, the New York State Public Service Commission, the Pennsylvania Public Utility Commission, and/or the Public Utilities Commission of Ohio as well as common-law claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud, breach of implied contract and/or unjust enrichment/quantum meruit, and any and all claims related to or arising from any conduct alleged in the Second Amended Complaint (including, but not limited to, relating to any variable rates the Defendants charged for the supply of electricity under any agreements, understandings or programs in Massachusetts, New York, New Jersey, Ohio, Illinois, and Pennsylvania and whether the alleged conduct or related conduct may have occurred and/or is based, or could be based, on any act, omission, inadequacy, misstatement, representation, harm, matter, cause or event by any of the Released Persons, including, without limitation, any claims which arise or arose under, or relate to the Illinois Consumer Fraud and Deceptive Business Practices Act, the New Jersey Consumer Fraud Act, Chapter 93A, the

New York General Business Law, the Ohio Consumer Sales Practices Act, or the Pennsylvania Unfair Trade Practices and Consumer Protection Law. In addition, Plaintiffs agree to release (and Released Claims, as that term is defined in Section 2.37 of the Amended Class Action Settlement Agreement, shall also include) all claims, liens, demands, actions, causes of action, obligations, damages, punitive damages, treble damages, penalties, liabilities, interest and costs, including attorneys' fees, of any nature or kind whatsoever, which Plaintiffs have, had, or which arose against the Released Persons at any time through the date of the Preliminary Approval Order, whether legal, equitable or otherwise, whether known or unknown, suspected or unsuspected, as alleged in the Second Amended Complaint. All Named Plaintiffs and members of the Class have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertainingto their released claims.

**Covenant Not to Sue.**

21. In consideration of the terms of the Settlement Agreement, all members of the Class, including the Named Plaintiffs, are found to have (a) covenanted and agreed that neither Named Plaintiffs nor any members of the Class, nor anyone authorized to act on behalf of any of them, will commence, authorize, prosecute, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in the Settlement Agreement, against Defendants, or any of them with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to, any alleged loss, harm, or damages allegedly caused by Defendants, or any of them, in connection with the Released Claims; (b) waived and disclaimed any right to any form of recovery,

- 9 -

compensation, or other remedy in any such action or proceeding brought by, or on behalf of, any of them or any putative class of Class Members; and (c) agreed that this judgment shall be a complete bar to any such action by any Named Plaintiff or member of the Class.

**Settlement Agreement as Exclusive Remedy for Released Claims.**

22. Upon entry of this Final Order and Judgment, enforcement of the Settlement Agreement shall be the exclusive remedy for all members of the Class, including Named Plaintiffs but excluding those who have properly opted out, all of whom are permanently barred and enjoined from instituting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims.  Members of the Class who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

**Effect of Final Judicial Determination of Invalidity or Unenforceability**.

23. If, after entry of this Final Order and Judgment by the Court, a notice of appeal of this Final Order and Judgment is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Order and Judgment is in any respect invalid, contrary to law, or unenforceable (except for such determinations that are limited to the Attorneys' Fees and Costs and/or Enhancement Awards), this Final Order and Judgment shall be automatically vacated, the Settlement Agreement shall be null and void, and Defendants may fully contest certification of any class as if no Class had been certified.  In addition, the Settling Parties shall return to their respective positions in this lawsuit as they existed immediately before the Settling Parties executed the Settlement Agreement, and nothing stated herein or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Settling Parties or used as evidence against, or over the objection of, any of the Settling Parties for

any purpose in this action or in any other action.

**No Admission of Liability.**

24. The Settling Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in the Settlement Agreement, any documents relating to the Settlement, this Court's preliminary approval order, or this Final Order and Judgment shall be construed, deemed, or offered as an admission by any of the Settling Parties or any other person or entity for any purpose in any judicial or administrative action or proceeding of any kind, whether in law or equity.

**Entry of Final Judgment.**

25. The Court dismisses with prejudice the case *Mercado et. al. v. Verde Energy U.S. Inc, et. al.* Case No. 1:18-cv-02068. The Court further orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Litigation by Named Plaintiffs, on behalf of themselves, the Class, or both. In entering this Final Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

26. Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over (a) implementation of this Settlement; (b) all matters related to the administration and consummation of the Settlement for the purpose of implementing, enforcing, monitoring compliance with effectuating, administering, and interpreting the provisions of the Settlement Agreement and this Final Order and Judgment.

27.      Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

**IT IS SO ORDERED** this 17th day of December 2021.

                                                /s/
                                      Joan B. Gottschall
                                      United States District Judge